THE INCANDESCENT LIGHT AND STOVE COMPANY

*v.*

GEORGE E. STEVENSON, administrator, et al.

[Submitted July 20th, 1914.　Decided July 21st, 1914.]

1. *3 Comp. Stat. 1910 p. 3838 § 81*, and *p. 3845 § 94*, providing for the sale of lands of a decedent to pay debts, creates a lien on the land in behalf of a creditor for one year, and thereafter until a *bona fide* sale of the land has been made by the heir or devisee, the expiration of the year having no effect to increase the estate or interest of the heir or devisee, but merely to protect the title of a *bona fide* purchaser.

2. Since by *2 Comp. Stat. 1910 p. 2739*, an heir or devisee of real property is liable to creditors of his testator or intestate to the extent of the assets received, delay in administration is not a source of substantial injury to the heir.

3. Since a creditor of a deceased person has a lien on his real property in the hands of the heir, prior to a sale to a *bona fide* purchaser for value, the creditor is entitled to enjoin the heir from selling the land to the prejudice of such lien until the orphans court has been afforded an opportunity to enforce a lien by a sale of the land to pay debts in the settlement of the estate, without reference to the creditor's delay in causing an administration of the estate.

———

On bill, &c.　On motion to dismiss bill.

*Mr. John Boyd Avis,* for the complainant.

*Mr. Herbert C. Bartlett,* for the defendants.

LEAMING, V. C.

I am convinced that the motion to dismiss the bill must be denied.

Our statute creates a lien in behalf of a general creditor of a deceased person on the lands of the deceased for a period of one year and thereafter until a *bona fide* sale of the land has

been made by the heir or devisee. *Haston* v. *Castner, 81 N. J. Eq. 697; Westervelt* v. *Voorhis, 42 N. J. Eq. 179, 180; 3 Comp. Stat. p. 3838 § 81* and *p. 3845 § 94.* The bill seeks to preserve this lien by enjoining a sale by the heir until the orphans court shall have made an order of sale of the land for the payment of the debt due complainant.

The expiration of the year in no way increases the estate or interest of the heir or devisee in the land; it merely protects the title of a *bona fide* purchaser. The lien of the creditor continues until the title of a *bona fide* purchaser intervenes to extinguish it.

The delay in administration is not a source of substantial injury to the heir, for an heir or devisee of real estate becomes liable to creditors of his testator or intestate to the extent of assets by him received. *2 Comp. Stat. p. 2739; Jordan* v. *Logue, 76 N. J. Eq. 471, 472.*

The situation thus presented by the bill is that of a creditor with a lien who seeks a remedy attainable alone in this court to preserve the existence of the lien until the orphans court shall have had an opportunity to enforce it by a sale of lands for the payment of debts in the settlement of the estate of the deceased debtor; whereas the only objection to the relief so sought is the delay of the creditor in causing an administration of the estate, which delay cannot be properly regarded as of substantial injury to defendant.

I will advise an order denying the motion to dismiss the bill.

But defendant is entitled to a prompt final hearing on the bill and the present motion should be equitably treated as a motion to speed the cause, and no costs should be taxed.