ROSE DONAHUE, PLAINTIFF-APPELLANT, v. HENRIETTA MELCHIORA CASABIANCA, A D E L E COYLE AND GEORGE S. MILAZZO, EXECUTORS OF THE ESTATE OF ENRICO CASABIANCA, DECEASED, DEFENDANTS-RESPONDENTS.

Submitted October 27, 1933—Decided January 12, 1934.

For the appellant, *Milton M. Unger.*

For the respondents, *Edwards, Smith & Dawson.*

The opinion of the court was delivered by

HETFIELD, J. This is an appeal from an order of the Essex County Circuit Court, setting aside an execution and levy made thereunder, by reason of a judgment obtained in the said court, for $6,617.61. The argument below, as well as before us, was based on an agreed state of facts, which presented the following situation: The respondents are executors of the estate of Enrico Casabianca, who died on January 21st, 1931, a resident of the city of Newark. His will was probated in the Surrogate's Court of New York county, State of New York, on February 6th, 1931. Letters of administration were granted to the respondents; and an exemplified copy of the proceedings was filed with the register of the Prerogative Court of this state, on March 31st, 1931. The principal assets of the decedent's estate consisted of two parcels of real estate, one located in the borough of Manhattan, State of New York, which has been appraised at $250,000, and is encumbered by a mortgage in the amount of $160,000, and the other, in the city of Newark, was appraised at $10,000, subject to a mortgage of $7,000.

On March 18th, 1931, the appellant filed a claim with the respondents, as executors, alleging that the decedent was indebted to her in the sum of $6,137, represented by three promissory notes. This claim was subsequently rejected, and suit was instituted in the Essex County Circuit Court, resulting in a judgment in favor of the respondents, which was reversed by this court. *Donahue* v. *Casabianca,* 109 *N. J. L.* 425. The case was retried on November 14th, 1932, and judgment was rendered in favor of the appellant, for the full amount of her claim. An execution was then issued out of the Essex County Circuit Court, directed to the sheriff of Essex county, who levied on the Newark real estate, situated at No. 22 Nairn Place, and designated March 28th, 1933, as the date when sale of said premises would be held. On March 28th, 1933, the respondents obtained an order to show cause why the execution and levy made thereon should not be set aside. The court, after argument, held that said execution

and levy were unlawful, and on April 11th, 1933, ordered that same be vacated and set aside.

We think the action of the trial court was proper, and justified by section 1 of "An act concerning judgments" (3 *Comp. Stat., p.* 2955), which provides, in part, as follows:

"* * * provided, that no lands, tenements, hereditaments or real estate of any testator or intestate, shall be sold or in anywise affected by any judgment or execution against executors or administrators."

It is contended by the appellant, that this statute only applies to executors or administrators who have qualified as such in this state, and is not controlling when the executor or administrator is appointed by letters obtained in another state. We fail to find such an exception in any part of the statute referred to. It seems to be well settled in this state, that a creditor who establishes a claim against an estate by a judgment at law, after the claim has been disputed by an executor, simply settles the validity of same, and has the same status as one whose claim has been admitted by the executor to be valid. *South Camden Trust Co.* v. *Black,* 110 *N. J. Eq.* 97. A general creditor of a decedent having such valid claim, has, by virtue of section 81 of the Orphans Court act of 1898 (*Pamph. L.* 1898, *p.* 743), a lien on the lands of the deceased for a period of one year, and thereafter until a *bona fide* sale of the land has been made by the heir or devisee, which lien is enforceable for his benefit by a suit in the Court of Chancery. *Haston* v. *Castner,* 31 *N. J. Eq.* 697; *Simpson* v. *Bockius,* 77 *Id.* 339; *Incandescent Light, &c., Co.* v. *Stevenson,* 83 *Id.* 482.

The order under review will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 16.

*For reversal*—None.