JOHN D. CRANE, complainant-appellant,

*v.*

RICHARD DOHERTY, substituted trustee of George F. Corts, 2d, defendant-respondent.

[Submitted May term, 1934. Decided October 5th, 1934.]

*Mr. James W. Gillespie,* for the complainant-appellant.

*Mr. Richard Doherty, pro se,* for the defendant-respondent.

The opinion of the court was delivered by

BODINE, J.

The complainant appeals from an order striking his bill. It appears therefrom that complainant, an undertaker, attended to the burial of one George F. Corts. He made claim upon the legal representative of the decedent's estate. The claim, though not disputed, remained unpaid because of lack of funds. The executor and executrix named in the will were removed upon complainant's petition and the present defendant was named by the orphans court administrator and trustee *cum testamento annexo.* The will contained a specific direction for the payment of debts and funeral expenses. Apparently the only asset that came into the hands of the testamentary trustee was surplus money arising after foreclosure of a mortgage upon decedent's estate. This surplus money was paid under order in chancery to the defendant as testamentary trustee. The complainant sought by his bill to have imposed upon this fund a lien to the end that the judgment obtained at law for his services in conducting decedent's funeral might be paid.

It is apparent that the surplus funds derived from the sale of decedent's mortgaged property are in equity subject to the payment of the decedent's debts. The devisee named in the will takes subject to the right of creditors to enforce at law claims against the lands devised. 2 *Comp. Stat. p.* 2739. By reason of the foreclosure sale, the complainant lost any right he might have had against the lands, but the surplus arising therefrom is in equity charged with the same obligation as existed at law prior to the foreclosure sale. It would seem that a creditor, as well as the executor, can apply for

such relief. *Hattersley* v. *Bissett, 52 N. J. Eq. 693; Seymour* v. *Goodwin, 68 N. J. Eq. 189.*

It does not appear from the allegations of the bill that the complainant was in laches. Besides if he was, the delay was not the source of injury because the fund which the complainant sought to have liened but recently arose. *Incandescent Light Co.* v. *Stevenson, 83 N. J. Eq. 482.*

Judge Hetfield said in *Donahue* v. *Casabianca, 112 N. J. Law 158:* "A general creditor of a decedent having such valid claim, has, by virtue of section 81 of the Orphans Court act of 1898 (*P. L. 1898 p. 743*), a lien on the lands of the deceased for a period of one year, and thereafter until a *bona fide* sale of the land has been made by the heir or devisee, which lien is enforceable for his benefit by a suit in the court of chancery."

*P. L. 1920 p. 577 (2 Cum. Supp. Comp. Stat. p. 2616),* expressly provides that the liability of the heirs and devisees shall remain as fixed by "an act for the relief of creditors against heirs and devisees." The denial of the relief prayed can only result in the retention by the devisee named in the decedent's will of surplus funds arising from the sale of decedent's land under foreclosure. This equity does not favor.

The order appealed from will be reversed.

*For affirmance*—LLOYD, J.   1.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ.   13.