**UNITED STATES v. McGUIRE et al.**

No. 5875.

District Court, D. New Jersey.

Dec. 22, 1941.

Samuel O. Clark, Jr., Asst. Atty. Gen., Andrew D. Sharpe and F. A. Michels, Sp. Assts. to Atty. Gen., and Charles M. Phillips, U. S. Atty., and Thorn Lord, Asst. U. S. Atty., both of Trenton, N. J., for the Government.

Hood, Lafferty & Emerson, of Newark, N. J., for defendant Fidelity Union Trust Co.

Lindabury, Steelman, Zink & Lafferty, of Newark, N. J., for defendant Federal Trust Co.

FORMAN, District Judge.

On December 10, 1930, James J. McGuire died leaving a last will and testament which was duly admitted to probate nominating Albert J. McGuire, Mary J. McGuire and Mary E. McGuire as executor and executrices thereof. On December 10, 1931, the executors filed an estate tax return showing a net taxable estate of $307,038.92 and a tax liability of $5,074.32. In the return the executors placed a valuation of $450,000 on the testator's land and buildings located at 857 and 859 Broad Street, Newark, N. J., and a valuation of $115,000 on his land and building located on Hill Street, Newark, N. J. The estate was assessed on February 2, 1932, pursuant to the return of the executors, and on January 6, 1933, the Commissioner of Internal Revenue gave notice of his determination of a deficiency in such taxes of $822.21. Thereupon, an appeal to the United States Board of Tax Appeals was made on the ground that the deficiency assessment was erroneous in that executors' commissions were disallowed and because the Broad Street property and the Hill Street property were not assessed at $340,000 and $60,000 respectively. This appeal was dismissed for lack of prosecution, and the deficiency assessment was affirmed. Of the estate tax liability of $5,074.32 assessed on the basis of the executors' return, the executors paid only $2,574.32.

That balance and the deficiency assessment of $822.21 have not been paid by the executors.

At the time of his death James J. McGuire was indebted to the defendants, Federal Trust Company and the Fidelity Union Trust Company, for approximately $40,000. The two banks acting in concert pursuant to an agreement between them instituted proceedings in the Circuit Court of Essex County, New Jersey, against the devisees of James J. McGuire for the debts due them, and on February 17, 1933, judgments were entered against the devisees in their favor. Executions issued out of the Circuit Court to the Sheriff of Essex County and the Sheriff sold the Hill Street property to the Federal Trust Company. Both banks, however, claim an interest in this property pursuant to the agreement between them. After the entry of the judgment, but before the Sheriff's sale was held, the Government filed on January 22, 1935, a notice of lien for estate taxes with the Register of Essex County.

The government claims an interest in the gross estate of James J. McGuire paramount to any interest therein defendants may claim by virtue of their judgment. This claim is based on the lien provision of the estate tax law under Revenue Act of 1926, Section 315(a), 26 U.S.C.A. Int.Rev. Code, § 827(a), providing as follows: "Unless the tax is sooner paid in full, it shall be a lien for ten years upon the gross estate of the decedent, except that such part of the gross estate as is used for the payment of charges against the estate and expenses of its administration, allowed by any court having jurisdiction thereof, shall be divested of such lien. If the Commissioner is satisfied that the tax liability of an estate has been fully discharged or provided for, he may, under regulations prescribed by him with the approval of the Secretary, issue his certificate, releasing any or all property of such estate from the lien herein imposed."

The executors of the estate made no appearance herein. The defendant banks contend that since they were creditors of the estate, they were protected by a lien against the real estate in question arising at the time of the testator's death, Revised Statutes of New Jersey, 1937, 3:25–21, N.J.S.A. 3:25–21; Crane v. Doherty, 117 N.J.Eq. 14, 174 A. 886; Incandescent Light, etc., Co. v. Stevenson, 83 N.J.Eq. 482, 91 A. 802; Donahue v. Casabianca, 112 N.J.L. 158, 170 A. 45, which was converted into judgment pursuant to Revised Statutes of New Jersey, 1937, 3:25–68 to 3:25–73, N.J.S.A. 3:25–68 to 3:25–73. They then argue that this lien attached prior to the filing of notice of lien by the government, and, hence, is superior; that the property was used for the payment of charges against the gross estate which were allowed by a court having jurisdiction thereof, and was, therefore, divested of any lien the government may have had under Section 315(a), supra, and, finally, that the Broad Street and Hill Street properties were overvalued in the original tax return and no tax is now owing.

Defendants' contention that their lien is superior because it attached prior to the filing of the government's notice of lien is based upon their construction of Section 3186 of the Revised Statutes as amended by Section 613 of the Revenue Act of 1928, 26 U.S.C.A. Int.Rev.Code, § 3670 et seq., giving the government the protection of a general lien for "any tax", and its application specifically to unpaid estate taxes. This statute provides as follows:

"If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, penalty, additional amount, or addition to such tax, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person. Unless another date is specifically fixed by law, the lien shall arise at the time the assessment list was received by the collector and shall continue until the liability for such amount is satisfied or becomes unenforceable by reason of lapse of time.

"(a) Such lien shall not be valid as against any mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed by the collector—

"(1) in accordance with the law of the State or Territory in which the property subject to the lien is situated, whenever the State or Territory has by law provided for the filing of such notice * * *."

If the recording requirements of Section 3186, supra, are incorporated by construction in Section 315(a) it would appear

that the government's lien would be inferior to that of defendants. However, without this incorporation Section 315(a) is silent on the government's duty to give notice of its claim. The court in the case of United States v. Security-First Nat. Bank, D.C., 30 F.Supp. 113 refused to construe Sections 3186 and 315(a), Revenue Act 1924, 26 U.S.C.A. Int.Rev.Code, § 827(a), together as defendants propose herein. The court held in that case that the government's lien under Sec. 315(a) was valid without recordation against a subsequent bona fide encumbrancer. A similar conclusion was reached in the case of United States v. Paul, D.C., Michigan E.D.S.D., August 12, 1940, 41 F.Supp. 41.

The theory behind the conclusions reached in the above cases is that the estate tax lien created by Section 315(a) is separate and distinct from the general tax lien created by Section 3186. With this proposition we agree, and as a matter of principle we feel that the collection of estate taxes would be seriously impeded if the effectiveness of the government lien depended upon recordation. One must bear in mind that considerable time elapses before the government is in position to ascertain the extent of the tax. In fact, this depends upon the disclosures made by the estate in its return to the government.

The lien of the government took effect at the time of the death of James J. McGuire. Neustadter v. United States, 9 Cir., 90 F.2d 34; Rosenberg v. McLaughlin, 9 Cir., 66 F.2d 271, certiorari denied Rosenberg v. Lewis, 290 U.S. 696, 54 S. Ct. 132, 78 L.Ed. 599; O'Brien v. Sturgess, D.C., 39 F.2d 950, affirmed 3 Cir., 45 F.2d 1017; Ewbank v. United States, D.C., 37 F.2d 383, affirmed 6 Cir., 50 F.2d 409, certiorari denied 284 U.S. 657, 52 S.Ct. 35, 76 L.Ed. 557; Crooks v. Loose, 8 Cir., 36 F.2d 571; Page v. Skinner, 10 Cir., 298 F. 731, certiorari denied 266 U.S. 625, 45 S.Ct. 123, 69 L.Ed. 474. Defendants also claim the benefit of a lien given to creditors of decedents under the state law effective at the same time. Revised Statutes of New Jersey, 1937, 3:25–21, N.J. S.A. 3:25–21; Crane v. Doherty, supra; Incandescent Light Co. v. Stevenson, supra; Donahue v. Casabianca, supra. As between the lien of the government for estate taxes, and that of the defendants who were only general creditors of the testator upon his death, that of the government is paramount. Bowes v. United States, 127 N.J.Eq. 132, 11 A.2d 720.

Defendants contend that the lien of the government under Section 315(a) was divested pursuant to the proviso contained therein because the property in question constituted a part of the gross estate used for the payment of charges against the estate allowed by a court having jurisdiction thereof. We cannot accede to the contention that a general creditor of a decedent who forecloses against the estate presents a "charge" against that estate allowed in court within the terms of Section 315(a). If that were true, the government's estate tax claim would be subordinated to the claim of any general creditor, and that would conflict with the established order of priorities, Bowes v. United States, supra.

Finally, defendants argue that the government's claim for taxes has been paid, because the Broad Street and Hill Street properties were overvalued. Hence, they say there is no lien for taxes in favor of the government. In support of this contention defendants produced at the trial their expert witness to establish that the Broad Street property was worth only $297,000, and the Hill Street property was worth only $82,000 at the time of the testator's death. It should be noted that the executors in their return placed a value of $450,000 and $115,000 on these properties, that in their petition to the U. S. Board of Tax Appeals they claimed these valuations should be reduced to $340,000 and $60,000 respectively, that they failed to prosecute that petition, and that they made no appearance herein. Accordingly, it is our opinion that the defendant banks are in no position to contest values at this time, and are bound by the order of the U. S. Board of Tax Appeals. Continental Petroleum Co. v. United States, 10 Cir., 87 F.2d 91, 94, certiorari denied 300 U.S. 679, 57 S.Ct. 670, 81 L.Ed. 883.

We, therefore, conclude that the lien of the government is superior to any claim defendants may make against the property in question. An order may be taken pursuant to the conclusion herein reached.