## Decker Estate (No. 2).

*Carl J. Batter,* with him *R. Palmer Ingram, Gifford K. Wright* and *Alter, Wright & Barron,* for appellants.

*Ferdinand T. Weil,* with him *S. Allen Vatz, Robert C. Hecht* and *Weil, Hirsch & Shumaker,* for appellees.

OPINION BY MR. JUSTICE HORACE STERN, January 6, 1947:

Section 3466 of the Revised Statutes, U.S.C.A. Title 31, section 191, provides for priority of payment to the United States of debts owed by an insolvent decedent's

estate. The Act of June 29, 1939, c.247, Title IV, section 401, 53 Stat. 882, U.S.C.A. Title 26, section 3672 (b) (1) provides that tax liens in favor of the United States shall not be valid with respect to a security as against any bona fide prior mortgagee, pledgee or purchaser of such security. At the argument of the present case the question presented was whether this latter act superseded, as far as federal tax liens are concerned, the earlier provision for priority in regard generally to debts due the United States, and we held that it obviously had that effect. But appellants have now filed a petition for re-argument in which they rely upon the decision in *Detroit Bank v. United States,* 317 U. S. 329, that U.S.C.A. Title 26, sections 3670-3672, although apparently covering tax liens in general, do not affect the liens of *estate* taxes provided for in 53 Stat. 128, U.S.C.A. Title 26, section 827, so far as the necessity of recording such liens is concerned; from this they argue that the exemption in favor of mortgagees and pledgees contained in section 3672 (b) (1) is likewise not applicable where the lien of estate taxes is involved. Even accepting this contention, however, the result in the present case remains unchanged. For, viewing section 827 as wholly unimpaired by section 3672 (b) (1), it is nevertheless clear that the lien of estate taxes there imposed attaches only at decedent's death, since the gross estate is determined as of that date and the estate tax itself becomes an obligation of the estate at that time: *Detroit Bank v. United States,* supra; see also cases cited in *United States v. Maguire,* 42 F. Supp. 337, 339. While, therefore, section 827 creates a general lien upon the decedent's gross estate it is obvious that, since such lien dates only from the time of decedent's death, it does not take priority over pre-existing mortgages or pledges the lien of which had attached during decedent's lifetime, nor does section 827 purport to establish any such priority; (see *Bowes v.*

*United States*, 127 N. J. Eq. 132, 138, 11 A. 2d 720, 723). Indeed, it is impossible to believe that the statute could have intended that a bona fide mortgagee or pledgee should be obliged to surrender the mortgaged or pledged property if, though perhaps many years later, the mortgagor or purchaser happens to die leaving an estate insufficient to pay the estate tax; such an interpretation would be to render pledges and mortgages practically worthless as dependable securities. It is of interest to note that in *United States v. Paul*, 41 F. Supp. 41, affirmed 127 Fed. Rep. 2d 64, which was the case affirmed by the United States Supreme Court sub nomine *Detroit Bank v. United States*, supra, it was held (see the court's 8th conclusion of law, p. 47) that the lien of the United States for the federal estate taxes was inferior and subordinate to mortgages which had been placed by decedent upon his property prior to his death.

Petition for re-argument dismissed.