## Schwalm Estate

*Donald D. Dolbin* and *Joseph S. Lilienthal,* for accountants.

*Harry W. Lightstone* and *William A. McGowan,* for National Labor Relations Board.

*Morton M. Fine,* for Director of Internal Revenue.

*Irwin Panken,* for Wallick and Schwalm, Inc.

GANGLOFF, P. J., September 21, 1953.—The estate of decedent here, as pictured by the account filed and the claims remaining unpaid, is insolvent by a wide margin. Such being the situation, the question of priority in payment of debts, claims and expenses must be solved. We have here an undisputed claim on the part of the Director of Internal Revenue for additional income taxes in the sum of $13,326.34, including interest up to March 18, 1953; we have the disputed but, nevertheless, valid (as will be determined later on herein) claim of the National Labor Relations Board for $106,603.10, representing wages due 56 employes of Wallick and Schwalm, Inc., one half of the shares of stock of which was owned by decedent Samuel K. Schwalm at the time of his death, intestate, on December 29, 1949; we have funeral expenses and administration expenses, to some of which latter expenses exceptions have been filed. We have real estate sold for payment of debts including judgment liens of record at the time of the death of decedent; all of which poses the question in this insolvent estate of who, if any one, has a prior right to payment of his claim.

The contention of counsel for the Director of Internal Revenue, agent for the United States, is that the undisputed claim for additional income taxes assessed

against decedent's estate for the years 1945-46-47, in the amount of $13,326.34, is, under section 3466 of the Revised Statutes, 31 U. S. C. §191, and section 3670 of the Internal Revenue Code, 26 U. S. C., entitled to priority in payment over all other claims and debts, including judgment liens of record, as well as expenses other than reasonable funeral and administration expenses. The position of the Government is stated by counsel in his brief of argument thus:

"The United States accepts the proposition that reasonable and necessary expenses of administration, as well as funeral expenses, may be paid ahead of the Federal Government tax claim where it is not asserting a lien. This is not considered as an exception to the above statute but it is recognition of the fact that such expenses are not 'debts due from the decedent' but are in the nature of charges against the estate. Therefore, in this case the United States will recognize reasonable administration and funeral expenses as prior to the Federal tax claim but it is the Government's contention herein that in view of the size of decedent's estate the administrators' commissions and attorneys' fees appear to be unreasonable."

Thus it clearly appears that the United States Government recognizes that reasonable administration and funeral expenses have priority in payment over a claim for income taxes, but otherwise the contention of the Government is that the claim for income taxes has priority in payment out of funds of the estate whether arising from personalty or from real estate sold, or both, over all other claims, including judgment liens of record. Section 3466 of the Revised Statutes, supra, provides:

"Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all the debts due from the

deceased, the debts due to the United States shall be first satisfied; and the priority established shall extend as well to cases in which a debtor, not having sufficient property to pay all his debts, makes a voluntary assignment thereof, or in which the estate and effects of an absconding, concealed, or absent debtor are attached by process of law, as to cases in which an act of bankruptcy is committed."

That the Federal statute gives the United States Government priority as a creditor there can be no doubt, and no one contends otherwise; however, the extent of that priority is the question to be answered here. As to the personal estate of an insolvent decedent, the United States as creditor has priority over a general creditor for payment of Federal income taxes: Kuhn's Estate, 146 Pa. Superior Ct. 1; Winter's Estate, 146 Pa. Superior Ct. 371. The exception to this rule is, as hereinbefore mentioned, that reasonable funeral and administration expenses are recognized by the Government as having a prior claim to that of the Government. Another exception is the pledgee of personalty. See Decker Estate (No. 2), 355 Pa. 476.

Decedent's real estate, located in Dauphin County, was sold under order of court for the payment of debts. The decree directing this sale was entered more than one year after decedent's death and, therefore, creditors who did not have liens of record when decedent died or who did not perfect their liens before the expiration of the one-year limitation, are not entitled to share in the proceeds of sale. The governing statute is the Fiduciaries Act of June 7, 1917, P. L. 447, (the Fiduciaries Act of April 18, 1949, P. L. 512, became effective three days after decedent's death). The only judgment creditor was the Gratz National Bank, plaintiff in two judgment liens of record at the time of decedent's death, namely, Gratz National Bank

v. Schwalm, entered October 5, 1948, to September term, 1948, no. 106, for $21,000; and Gratz National Bank v. Schwalm, entered June 28, 1947, to June term, 1947, no. 168, for $25,000. The total amount due on these two judgment liens was $21,183.75, all of which was paid and is claimed as a credit item in the account. Has the United States the right to priority in payment of income taxes over these two judgment liens? Section 3670, Internal Revenue Code, referred to above (53 Stat. at L. 448) and upon which counsel for the United States relies, provides:

"If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, penalty, additional amount, or addition to such tax, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person."

The above section must be read in connection with section 3672 of the Internal Revenue Code, 56 Stat. at L. 789, 26 U. S. C. §3672(a), which provides that the lien of the United States "shall not be valid as against any mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed by the collector . . ."

Taking sections 3670 and 3672 together, as we must, there can be no doubt that judgment liens of record, valid as liens under the laws of the State in which entered, are entitled to priority in payment over claims for income taxes on the part of the United States except where notice is filed as provided in the section quoted. In the present case a lien was filed by the United States for 1946 taxes in the total amount of $4,375, all of which was paid and credit for the amount is taken in the account. As to the claim of the United States for additional income taxes, there can be no

doubt and we find that under the provisions of sections 3670 and 3672, Internal Revenue Code, the judgment liens held by the Gratz National Bank are entitled to be paid first out of the proceeds of the sale of the real estate: United States v. Gilbert Associates, Inc., 345 U. S. 361; Decker Estate (No. 2), 355 Pa. 476; Meyer Estate, 159 Pa. Superior Ct. 296.

Now counsel for the National Labor Relations Board originally contended that the board's claim is entitled to the same priority held by the Government with respect to debts due the latter. Subsequently this contention was materially modified, as will appear later on herein. The board's claim is disputed by the accountants. . . .

The claim of the National Labor Relations Board in the sum of $106,603.10 is therefore allowed. This amount represents wages due 56 employes found to have been illegally discharged.

As to the standing of the National Labor Relations Board's claim with respect to all other claims, counsel for the board stated:

"There is some question at the present time whether the claim, the type of claim we have is in fact a debt due the United States. It has been so held by some Federal courts. But that matter is not a primary issue. I don't want to take the affirmative position in feeling we think it is so, that the debt would have priority comparable to that of the Internal Revenue bill. In any event, we feel that it is at least a question the wage claim is entitled to priority."

The question posed by counsel for the board is definitely answered by the Supreme Court of the United States in *Nathanson v. National Labor Relations Board*, 344 U. S. 25, from which we quote:

"The Board is the public agent chosen by Congress to enforce the National Labor Relations Act: Amalgamated Utility Workers v. Consolidated Edison Co.,

309 U. S. 261, 269. A back pay order is a reparation order designed to vindicate the public policy of the statute by making the employees whole for losses suffered on account of an unfair labor practice: Phelps Dodge Corp. v. Labor Board, 313 U. S. 177, 197. Congress has made the Board the only party entitled to enforce the Act. A back pay order is a command to pay an amount owed the Board as agent for the injured employees. The Board is therefore a claimant in the amount of the back pay. . . . We do not, however, agree with the lower court that this claim, enforceable by the Board, is a debt due to the United States within the meaning of R S Section 3466, and therefore entitled to priority under §64(a)(5) of the Bankruptcy Act. It does not follow that because the Board is an agency of the United States, any debt owed it is a debt owing the United States within the meaning of R S §3466. The priority granted by that statute was designed 'to secure an adequate revenue to sustain the public burthens and discharge the public debts': see United States v. State Bank, 6 Pet. 29, 35. There is no function here of assuring the public revenue. The beneficiaries of the claims are private persons as was the receiver in American Surety Co. v. Akron Savings Bank, 212 U. S. 557."

It therefore clearly appears and we find that the claim of the National Labor Relations Board is not entitled to priority in payment as is the case with a claim of the United States for income taxes. However, counsel for the board contends that $34,395.33 of the total amount of the claim represents wages due or accrued within the period of six months immediately preceding decedent's death and therefore a preferred claim in that amount. This contention is made, we assume, by reason of the provisions of section 622 of the Fiduciaries Act of April 18, 1949, P. L. 512, giving a preference to "costs of services performed" for

a decedent "by any of his employees" within six months of his death. As already noted, the Fiduciaries Act of June 7, 1917, P. L. 447, governs here and under the latter act, section 13($a$), the order of payment of debts of a decedent is, after administration expenses and widow's and children's exemption of $500: (1) Funeral expenses, medicine furnished and medical attendance given during the last illness of the decedent, and servants' wages, not exceeding one year; (2) rents, not exceeding one year; (3) all other debts without regard to quality of the same, except debts due the Commonwealth which shall be last paid. Servants' wages for one year stand on the same basis as funeral expenses, medicine furnished and medical attendance. In the present case the National Labor Relations Board is not objecting to the funeral expenses or medical attendance but it is objecting to administrators' commissions and counsel fees. However, as will be shown later on herein, even though we view the board's claim as one for servants' wages there will not be any balance available for the purpose and therefore it is unnecessary to determine whether or not the wage claim is "servants' wages" as contemplated in the Fiduciaries Act of 1917, supra.

A short summary of what has been determined thus far seems to be in order. First, the claim of the United States for income taxes has priority over all other claims except judgment liens of record at the time of decedent's death; pledgee of personalty (Decker Estate (No. 2), 355 Pa. 476); funeral expenses in a reasonable amount, and administration expenses in reasonable amounts. Second, the claim of the National Labor Relations Board is a valid claim in the amount of $106,603.10. Third, the claim of the National Labor Relations Board does not occupy a preferred status as a debt due the United States. . . .