## DEPOSITORS HOLDING COMPANY, a Corporation, Respondent, v. MARTIN J. WINSCHEL, Appellant.

(232 N. W. 599.)

Opinion filed October 15, 1930.

*Charles L. Crum,* for appellant.

*F. E. McCurdy,* for respondent.

HUTCHINSON, Dist. J. The facts in this case are not in dispute. On December 22nd, 1919, in the district court of Burleigh county, one Frank Finlayson procured a judgment against one Fred Swenson, which judgment was duly docketed in said court on said day. On November 25th, 1929, the defendant in this action became the owner of said judgment, by assignment in writing duly recorded in the office of the clerk of the district court of said Burleigh county. At the time said judgment was entered and docketed the judgment debtor, Fred Swenson, was the owner of the northeast quarter of the southwest quarter of section one, township 137, range 80, in said Burleigh county

and said judgment became a lien on said real estate at the time of docketing. The judgment has never been renewed, by affidavit, action or otherwise. On December 16th, 1929, an execution was issued by the clerk of the district court of said Burleigh county, at the request of the defendant in this action, and the sheriff of said Burleigh county, on said date, pursuant to the execution, levied upon the above described real property and advertised the same to be sold to satisfy the judgment, said sale to be made on January 24th, 1930. The plaintiff is the present owner of the real property, above described, and on December 31st, 1929, brought this action; setting up its ownership and asking for an order restraining the defendant from proceeding with his execution to a sale of the real property, and further asking that the title to said real property be quieted in the plaintiff against all claims of the defendant by reason of his said judgment. The trial court gave its judgment in favor of the plaintiff, quieting title in the plaintiff, permanently restraining the defendant from proceeding further with his execution and sale, and declaring the judgment of the defendant had become dormant on December 22nd, 1929. From this judgment the defendant has appealed.

It is the contention of the plaintiff that ten years having elapsed on December 22nd, 1929, since judgment was entered and docketed, and the judgment not having been renewed, it ceased to be a lien upon the real estate and became barred.

It is the contention of the defendant and appellant that since he caused the execution upon said judgment to issue on December 16th, 1929, and before the expiration of the ten year period from the date of its rendition and docketing, and further caused a levy to be made upon said real property and began the advertisement of the notice of sale, he has a valid and subsisting lien upon said real property; and that said lien remains valid and effective, regardless of the limitations upon the judgment, so that the sale can be completed and the proceeds thereof applied in satisfaction of said judgment.

Our statute provides that a money judgment becomes a lien on all real property, except the homestead of the judgment debtor, owned at the time of its docketing or acquired thereafter, and located in the county where the judgment is docketed, for a period of ten years from the time of the docketing of the same in the county where it was

74

rendered (Compiled Laws of North Dakota, 1913, § 7691); for a renewal of a judgment and a continuance of the lien thereof for a further period of ten years (Comp. Laws N. D. 1913, §§ 7692–7694), and further, that an execution may issue, to enforce a judgment, within ten years after its entry. (Comp. Laws N. D. 1913, § 7713.)

The execution requires of the officer substantially as follows: "If it is against the property of the judgment debtor, to satisfy the judgment with interest and accrued costs out of the personal property of such debtor; and, if sufficient personal property cannot be found, out of the real property belonging to him on the day when the judgment was docketed in the county or at any time thereafter." (Compiled Laws of North Dakota, 1913, § 7718, subd. 1.)

The question, therefore, for our decision, is: Whether an execution issued while the judgment was still alive and levy thereunder, will operate to continue the lien of the judgment beyond the statutory period of ten years, where the judgment has in no manner been renewed. An execution issued and levy made while the judgment is still alive, does not have the effect of continuing the lien of the judgment. To hold otherwise would have the effect of extending the period given the judgment creditor to enforce his lien. Where a judgment has not been renewed, and the judgment creditor seeks to satisfy an execution issued thereon by levy and sale of property, the sale must be made prior to the expiration of ten years from the date of the entry and docketing of the judgment. This is no hardship on the judgment creditor, for he can avail himself of the statutory provisions for a renewal of his judgment. The levy under the execution cannot give new life to the judgment and it does not extend the judgment lien. Merchant's Nat. Bank v. Braithwaite, 7 N. D. 358, 66 Am. St. Rep. 653, 75 N. W. 244, and Newell v. Dart, 28 Minn. 248, 9 N. W. 732.

It follows that the judgment of the lower court was right, and must be affirmed.

CHRISTIANSON, NUESSLE and BURR, JJ., and PUGH, Dist. J., concur.

BURKE, Ch. J., and BIRDZELL, J., being disqualified, did not par-

ticipate; Hon. W. H. Hutchinson, Judge of the Third Judicial District and Hon. Thomas H. Pugh, Judge of the Sixth Judicial District, sitting in their stead.