**UNITED STATES v. PAUL et al.**

No. 7544.

District Court, E. D.  Michigan, S. D.

Aug. 12, 1940.

John C. Lehr, U. S. Dist. Atty., and J. Thomas Smith, Asst. U. S. Dist. Atty., both of Detroit, Mich., and Andrew D. Sharpe and Carl J. Marold, Sp. Asst. U. S. Attys. Gen., for the United States.

Charles A. Lorenzo, of Detroit, Mich., for defendants Paul.

Herbert J. Rushton, Atty. Gen., of Michigan, and Peter E. Bradt, Asst. Atty. Gen., of Michigan, for the State of Michigan.

Paul E. Krause, Corp. Counsel, of Detroit, Mich., for defendant City of Detroit.

William E. Dowling, Pros. Atty., of Detroit, Mich., for defendant Wayne County, Mich.

Miller, Canfield, Paddock & Stone, of Detroit, Mich., for Detroit Bank and others.

MOINET, District Judge.

1. This is a civil suit, in equity, seeking the foreclosure of a Federal estate tax lien arising under the laws of the United States, providing for internal revenue and the collection thereof; plaintiff being a corporation, sovereign and body politic, and the defendants being the heirs and assignees of John P. Paul, deceased, and their assignees and mortgagees, and the taxing authorities of the State of Michigan.

2. John P. Paul, a resident of the City of Detroit, Wayne County, Michigan, died intestate on May 5, 1926, leaving heirs as follows: Lena Paul, his widow, and John W. Paul, Frederick P. Paul, Nettie B. Paul, Riney T. Paul, Amelia L. Paul, and Charles P. Paul, his children.

3. That Lena Paul, widow of said John P. Paul, died intestate on February 18, 1931; that Charles P. Paul died prior to the institution of this suit, leaving no children, and that the defendant, Florence H. Paul, his wife, and sole heir, was appointed administratrix of the estate of Charles P. Paul by Probate Court of Wayne County, Michigan, on the 16th day of December, 1931.

4. That on or about July 5, 1927, Lena Paul, describing herself as "widow of John P. Paul, and joint-owner with him of all his properties", executed and filed in the office of the Collector of Internal Revenue a Federal estate tax return for the estate of the said John P. Paul, deceased, reporting a gross estate of $492,902, deductions of $329,823.49, a net estate of $164,078.51, and a tax liability of $3,450, which was duly paid.

5. That the Commissioner of Internal Revenue notified said Lena Paul by letter dated March 14, 1930, addressed to "Lena Paul, Beneficiary, Estate of John P. Paul", of a proposed deficiency in estate tax in the sum of $23,271.84, and advised her of her right to file an appeal with the United States Board of Tax Appeals.

6. That on or about May 10, 1930, an appeal entitled "Appeal of Estate of John P. Paul, Lena Paul, beneficiary, Docket No. 48933" was filed with the United States Board of Tax Appeals.

7. That on November 4, 1932, said United States Board of Tax Appeals entered an order in connection with the appeal of the Estate of John P. Paul, determining that there was an estate tax deficiency due plaintiff in the sum of $23,271.84.

8. That no proceedings were had or appeal taken from said order of the Board of Tax Appeals entered on November 4, 1932, In re Paul's Estate, 27 B.T.A. 1369, determining the Federal estate tax liability of said estate of John P. Paul, deceased.

9. That in accordance with the applicable provisions of revenue laws of the United States, interest on said deficiency of $23,271.84 due from the estate of John P. Paul, deceased, accrued at the rate of six per cent (6%) per annum from May 5, 1927 to February 19, 1933; and that said interest on the deficiency to February 19, 1933, amounted to $8,080.28.

10. That on February 19, 1933, the Commissioner of Internal Revenue duly assessed against the estate of John P. Paul, deceased, said deficiency in the principal amount of $23,271.84 on account of said estate tax liability as finally determined by the United States Board of Tax Appeals, together with interest on said deficiency in the sum of $8,080.28.

11. That no part of said tax deficiency or interest has been paid.

12. That at the time of the death of John P. Paul he, together with his wife, Lena Paul, owned and held legal title to a tenancy by the entirety in all the parcels of real estate described in the bill of complaint, except parcels numbered 2a, 4, 21, 25, 35, 36, and parcels 40 to 47 inclusive, as numbered in the bill of complaint filed in this cause.

13. That at the time of the death of John P. Paul he, together with his wife, Lena Paul, owned and held land contracts covering parcels numbered 2a, 4, 21, 25, 35

and 36, as numbered in the bill of complaint. These parcels were listed as part of the gross estate of John P. Paul in the Federal Estate Tax return filed by Lena Paul. Deeds to each of these parcels, except parcel No. 36, were later delivered by the vendors in the contract to Lena Paul, the widow, or to certain of the children of John P. Paul, in accordance with the terms of the contract.

14. That the land contract covering parcel 36 as numbered in the bill of complaint is now held by the Paul heirs. There remains a balance of $1,900 on the purchase price due to Harry E. Barnard, the vendor.

15. That parcels numbered 40 to 47 inclusive, as numbered in the bill of complaint, were conveyed by John P. Paul and Lena Paul, his wife, to certain of their children within two years before the date of the death of John P. Paul. These parcels were treated by the Commissioner of Internal Revenue as part of the gross estate of John P. Paul, as property conveyed in contemplation of death. Said conveyances were made on the dates and in the manner hereinafter described:

Parcels 40, 41, 42, 43, and 44, were conveyed by John P. Paul and Lena Paul, his wife, to Nettie Paul, unmarried, by Warranty Deed dated June 22, 1925.

Parcel 45 was conveyed by John P. Paul and Lena Paul, his wife, to Amelia L. Paul, single, by Warranty Deed dated July 10, 1925 and recorded October 20, 1925.

Parcel 46 was conveyed by John P. Paul to Amelia L. Paul by Warranty Deed dated May 1, 1925 and recorded June 16, 1925.

Parcel 47 was conveyed by John P. Paul and Lena Paul, his wife, to Nettie B. Paul by Warranty Deed dated October 5, 1925 and recorded June 4, 1926.

16. On February 13, 1931 Lena Paul, widow of John P. Paul, executed an instrument granting to John W. Paul, Frederick P. Paul, Nettie B. Paul, Riney T. Paul, Amelia L. Paul, and Charles P. Paul, children of John P. Paul, all her right, title and interest in any and all real estate standing in her name in which she had any interest by purchase, inheritance, right of succession or otherwise, located and being in the County of Wayne and State of Michigan (except the homestead property known as 207 King Avenue, Detroit, Michigan). This instrument was recorded on June 20, 1931, in Liber 3613 of Deeds, on page 291, in the office of the Register of Deeds for Wayne County, Michigan. On the same date, February 13, 1931, Lena Paul, widow of John P. Paul, executed a deed conveying the homestead property located at 207 King Avenue, Detroit, Michigan, hereinafter referred to in Parcel 19, as numbered in the bill of complaint, to John W. Paul, and Nettie B. Paul, present record owners of the property. Said deed was recorded on September 28, 1933 in Liber 4012 of Deeds, on page 173, in the office of the Register of Deeds for Wayne County, Michigan.

17. That by virtue of mesne conveyance between the Paul children, by quit claim deeds dated September 27, 1933 and April 12, 1934, record title to parcels numbered 2a, 3, 5, 6, 8, 12, 14, 15, 16, 17, 21, 22, 23, 24, 26, 27, 28, 29, 30, 32, 33, 34, 35, 37, 39, 42, 43, 44, 45, 47, 48, 49, and 50, as numbered in the bill of complaint, is now held by Frederick H. Paul and Ruby, his wife, as joint tenants.

18. That by virtue of mesne conveyances the Paul children by quit claim deeds dated September 27, 1933, record title to parcels numbered 4, 9, 10, 11, 18, 20, 21, and 38, as numbered in the bill of complaint, is now held by John W. Paul, single, and Nettie B. Paul, unmarried.

19. The parcels of real estate numbered 2a, 3, 5, 6, 12, 13, 14, 15, 16, 17, 21, 22, 24, 25, 26, 27, 28, 30, 33, 37, 39, 45, 46, 48 and 49 in the bill of complaint are not mortgaged or otherwise encumbered, except for Federal, state, county and city taxes as hereinafter stated. The mortgage on parcel number 45, alleged in the bill of complaint to have been made to the Union Investment Company for $3,000 on August 18, 1934, and recorded August 30, 1934, in Liber 2747, at page 609 of Wayne County records, was discharged on March 11, 1935. The defendant, the Union Investment Company, no longer has any interest in this property and is subject to no liability for costs or otherwise, to the plaintiff or to the other parties to this cause, arising out of this controversy.

20. The following parcels of real estate, as numbered in the bill of complaint, were mortgaged before the death of John P. Paul, in the amounts and on the dates hereinafter stated.

Parcel 9 was mortgaged to the Detroit Bank for $35,000.00 on September 22, 1924, said mortgage being recorded September 23, 1924 in Liber 1371, page 118, of Mortgages,

Wayne County records. This mortgage was foreclosed and the property sold by Sheriff's deed dated May 18, 1934. It was bid in by the Detroit Bank for $51,298.68. The total amount due at that date, including principal, interest, and advances made by the mortgagee was $51,298.68. Under the Michigan Moratorium Law the equity of redemption under this foreclosure has been extended to November 1, 1938, and the parcel is now being held and operated by Ernest H. King, receiver. At the time of the sale the principal amount due was $17,446.00. Taxes for years subsequent to 1929, advanced by the Detroit Bank before the Sheriff's sale, totalled $29,963.54. The Detroit Bank has received no payments from the receiver.

Parcel 18 was mortgaged on June 8, 1923, to Edward H. Rogers for the sum of $10,000.00, said mortgage being recorded June 9, 1923 in Liber 1210, page 412 of Mortgages, Wayne County records. The principal amount due under this mortgage is $10,000.00, together with interest from July 1, 1932.

Parcel 19 was mortgaged to George S. Hickey, for $12,000.00 on March 1, 1920, by a mortgage recorded March 15, 1920 in Liber 970 of Mortgages, page 360, Wayne County records. This mortgage is now owned by T. Paul Hickey and Julia Blanche Hickey by her guardian, Howard J. Ely, heirs at law of George S. Hickey, deceased. The present amount due under said mortgage is $12,000.00, together with unpaid interest of $1,915.00 to July 1, 1938.

Parcel 20 was mortgaged to the Detroit Bank on April 24, 1920, by mortgage recorded May 4, 1920 in Liber 986, page 400 of Mortgages, Wayne County records. The mortgage was foreclosed and property sold by Sheriff's deed, dated May 18, 1934, and was bid in by the Detroit Bank for $1,791.74, the total amount due at that time, including principal, interest, and advances made by the mortgagee. Under the Michigan Moratorium Law the equity of redemption under this foreclosure has been extended to November 1, 1938 and the parcel is now being held and operated by Ernest H. King, receiver. At the time of the sale the principal amount due was $810.20. Taxes for years subsequent to 1929, advanced by the Detroit Bank before the Sheriff's sale, totalled $916.59. The Detroit Bank has received no payments from the receiver.

Parcel 23 is subject to a mortgage of $6,000.00, made to E. C. Childes of Windsor, Ontario. The present amount due under this mortgage is $6,000.00 principal, together with interest from January 1, 1932.

Parcel 29 was mortgaged to the Detroit Trust Company on November 6, 1907, in the amount of $2,000.00, by mortgage recorded November 7, 1907 in Liber 502, page 204, of Mortgages, Wayne County records. The present amount due under this mortgage is $2,000.00 principal, together with interest from November 1, 1935.

Parcel 34 was mortgaged to the Union Trust Company on December 1, 1923, in the amount of $6,000.00 by mortgage recorded December 4, 1923 in Liber 1305, page 180 of Mortgages, Wayne County records. This mortgage is now held by E. B. Finley, Jr., M. E. Bowlus and E. A. Edwards, liquidating trustees under declaration of trust recorded in Wayne County in Liber 4166 of Deeds, page 305. At present the amount due under this mortgage is $3,962.30, together with interest from May 1, 1938.

Parcel 35 was mortgaged to Peoples Wayne County Bank on April 16, 1925, in the amount of $4,500.00 by mortgage recorded April 17, 1925 in Liber 1478, page 64 of Mortgages, Wayne County records. This mortgage was foreclosed and the property bid in by B. C. Schram the then holder of the mortgage, and sold by Sheriff's deed dated July 14, 1937. At the time of the sale the total amount due under this mortgage was $2,808.33.

Parcels 40, 41, 42 and 43 were mortgaged to the Detroit Trust Company on July 29, 1903, in the amount of $14,350.00 by mortgage recorded July 31, 1903 in Liber 441, page 345, of Mortgages, Wayne County records. The present amount due under said mortgage is $14,275.65, together with interest from July 1, 1935.

Parcel 44 was mortgaged to the Detroit Trust Company on November 6, 1907, in the amount of $1,000.00 which mortgage was recorded November 7, 1907 in Liber 502, page 202. The present amount due under this mortgage is $1,000.00 principal, together with interest from November 1, 1935.

21. The following parcels of real estate, as numbered in the bill of complaint, are subject to mortgages executed by Lena Paul, widow of John P. Paul and surviving

tenant by the entirety, or by the Paul children, after the death of John P. Paul, in the amounts and on the dates hereinafter described. The mortgages made to the Detroit Bank, as hereinafter described, were foreclosed by advertisement and sold at Sheriff's sale on May 18, 1934. The properties were bid in by the Detroit Bank for the total amount of indebtedness then due, including principal, interest and advances made by mortgagee. Upon application of the equity owners the equity of redemption under these foreclosures was extended, under the Michigan Moratorium Law, Comp.Laws Supp.Mich.1935, § 14444-1 et seq. to November 1, 1938, and Ernest H. King was appointed receiver of the properties. The receiver has made no payments to the Detroit Bank since his appointment.

Parcel 1 was mortgaged to the Detroit Bank in the amount of $20,000.00 on July 23, 1930, by mortgage recorded July 25, 1930 in Liber 2506, page 207, of Mortgages, Wayne County records. The total amount bid in at the Sheriff's sale was $35,555.79. At the time of sale the principal amount due was $18,953.50. Taxes for years subsequent to 1929, advanced by the Detroit Bank before the Sheriff's sale, totalled $13,089.35. The Detroit Bank also advanced $84.00 for insurance.

Parcel 2 was mortgaged to the Detroit Bank on February 8, 1927, in the amount of $18,000.00 by mortgage recorded February 15, 1927 in Liber 1898, page 1 of Mortgages, Wayne County records. The total amount bid at the Sheriff's sale was $16,793.77, the amount due at that time, including principal, interest, and advances made by the mortgagee. At the time of sale the principal amount due was $11,570.79. Taxes for years subsequent to 1929, advanced by the Detroit Bank before the Sheriff's sale, totalled $3,204.79. The Detroit Bank also advanced $20.50 for insurance.

Parcel 4 was mortgaged October 9, 1926, to the Detroit Bank in the amount of $20,000.00, by mortgage recorded in Liber 1927, page 387, of Mortgages, Wayne County records. The total amount bid at the Sheriff's sale was $20,875.23, the total amount due at that time, including principal, interest and advances made by the mortgagee. At the time of the sale the principal amount due was $15,129.20. Taxes for years subsequent to 1929, advanced by the Detroit Bank before the Sheriff's sale, totalled $3,404.95. The Detroit Bank also advanced $34.00 for insurance. Legal title to this parcel was never held by John P. Paul, who had only a contract right at the time of his death. Legal title was conveyed to Lena Paul on September 21, 1926.

Parcel 7 was mortgaged to the Detroit Bank on October 8, 1927, in the amount of $15,000.00, by mortgage recorded November 7, 1927, in Liber 2041 page 136 of Mortgages, Wayne County records. The total amount bid at the Sheriff's sale was $15,258.88. At the time of the sale the principal amount due was $12,913.45. Taxes for years subsequent to 1929, advanced by the Detroit Bank, before the Sheriff's sale, totalled $341.28.

Parcel 8 was mortgaged to the Detroit Bank on June 22, 1931 in the amount of $28,000.00, by mortgage recorded June 30, 1931 in Liber 2601, page 272 of Mortgages, Wayne County records. The total amount bid at the Sheriff's sale was $37,288.36. At the time of the sale the principal amount due was $28,000.00. Taxes for years subsequent to 1929, advanced by the Detroit Bank before the Sheriff's sale, totalled $4,235.58. The Detroit Bank also advanced $198.30 for other items.

Parcel 10 was mortgaged to the Detroit Bank on October 8, 1927, in the amount of $25,000.00 by mortgage recorded October 12, 1927 in Liber 2027, page 356, of Mortgages, Wayne County records. The total amount bid at the Sheriff's sale was $27,064.61. At the time of sale the principal amount due was $21,405.61. Taxes for years subsequent to 1929, advanced by the Detroit Bank before the Sheriff's sale, totalled $2,213.06.

Parcel 11 was mortgaged to the Detroit Bank on August 1, 1929 in the amount of $18,000.00, by mortgage recorded August 5, 1929 in Liber 2363, page 440 of Mortgages, Wayne County records. The total amount bid at the Sheriff's sale was $20,324.05. At the time of the sale the principal amount due was $14,436.30. Taxes for years subsequent to 1929, advanced by the Detroit Bank before the Sheriff's sale, totalled $3,348.86.

Parcel 31 was mortgaged to the Detroit Bank in the amount of $13,400.00 on July 11, 1928, by mortgage recorded July 16, 1928 in Liber 2171, page 528, of Mortgages, Wayne County records. The total amount bid at the Sheriff's sale was $14,257.34. At the time of sale the principal amount due was $10,842.70. Taxes for years subsequent

to 1929, advanced by the Detroit Bank before the Sheriff's sale, totalled $1,590.41.

Parcel 32 was mortgaged to the Detroit Bank on July 11, 1928, in the amount of $9,000.00, by mortgage recorded July 16, 1928 in Liber 2171, page 525 of Mortgages, Wayne County records. The total amount bid at the Sheriff's sale was $9,467.99. At the time of sale the principal amount due was $7,317.70. Taxes for years subsequent to 1929, advanced by the Detroit Bank before the Sheriff's sale, totalled $944.87.

Parcel 38 was mortgaged to the Detroit Bank on July 16, 1928, in the amount of $12,500.00 by mortgage recorded July 19, 1928 in Liber 2174, page 76 of Mortgages, Wayne County records. The total amount bid at the Sheriff's sale was $13,220.43. At the time of sale the principal amount due was $10,121.70. Taxes for years subsequent to 1929, advanced by the Detroit Bank before the Sheriff's sale, totalled $1,434.08.

Parcel 47 was mortgaged to Peninsular State Bank on July 30, 1929, in the amount of $5,000.00, by mortgage recorded July 31, 1929 in Liber 2360, page 435 of Mortgages, Wayne County records. This mortgage was assigned to the First National Bank-Detroit and was foreclosed on March 20, 1936 and bid in by the First National Bank-Detroit for the sum of $4,400.00. There was due at the time, on account of mortgage, $5,272.97. The Sheriff's deed is now held by B. C. Schram, Receiver of the First National Bank-Detroit.

Parcel 50 was mortgaged to Security Trust Company on October 12, 1926, in the amount of $2,500.00, by mortgage recorded October 14, 1926 in Liber 1828, page 429, of Mortgages, Wayne County records. This mortgage is now in the hands of the Detroit Trust Company and the present amount due thereunder is $1,937.50, together with interest thereon from November 2, 1935.

22. The Estate of John P. Paul was not probated and there are no assets other than the above mentioned parcels of real estate, from which the Federal estate tax in question can be collected.

23. The unpaid state, county and city taxes and assessments against the above mentioned parcels are set forth in schedules attached to the stipulation in this cause and marked "Exhibit C", and are hereby made a part of these findings of fact. These unpaid taxes are for different years and on different pieces of property, none of which extend any further back than 1930.

24. Tax certificates for city taxes for the year 1930 are owned and held by the defendant Mary Emily Wiltsie Field. The face amounts of the outstanding certificates are shown on supplementary stipulation attached to the stipulation in this cause and marked "Exhibit D", which is hereby made a part of these findings of fact.

25. That at the time that the Detroit Bank loaned money upon the security of mortgages covering Parcels 1, 2, 4, 7, 8, 9, 10, 11, 20, 31, 32 and 38, respectively, and at the time it acquired mortgages on said parcels, it had no actual knowledge that plaintiff had or claimed to have any claim, lien or charge on said parcels with respect to estate taxes payable by the estate of John P. Paul, deceased.

26. That The Detroit Bank acquired mortgages covering said parcels mentioned in the paragraph above, in good faith, for value, and without actual knowledge that plaintiff had or claimed to have any lien, claim or charge on any of said parcels of property.

27. That at the time the Detroit Trust Company loaned money upon the security of mortgage covering Parcel 50, and at the time it acquired such mortgage on this parcel, it had no actual knowledge that plaintiff, United States of America, had or claimed to have any lien upon said property.

28. That notice of Federal Estate Tax lien herein sought to be foreclosed by plaintiff was first filed by it in the office of the Register of Deeds for Wayne County, Michigan, on December 26, 1935.

29. That notice of the lien herein sought to be foreclosed and filed with the Register of Deeds as above described, did not contain a specific description of the property against which said notice of lien was filed.

30. That John W. Paul, Frederick P. Paul, Nettie B. Paul, Amelia L. Paul, Riney T. Paul, and Charles Paul, deceased, were the children and natural heirs of John P. Paul, deceased, and Lena Paul, deceased.

31. That the defendants John W. Paul, Frederick P. Paul, Nettie B. Paul, Amelia L. Paul, Riney T. Paul, Charles Paul, deceased, and Florence Paul, administratrix of the estate of Charles Paul, gave no consideration either to John P. Paul or Lena Paul, either in money, property or

services for any of the real property involved in this proceeding, but acquired it as donees and heirs of their mother, Lena Paul, the surviving tenant by the entirety of John P. Paul, deceased.

32. That except for the parcels of real estate conveyed by John P. Paul less than two years prior to his death, neither John W. Paul, Frederick P. Paul, Nettie B. Paul, Amelia L. Paul, Riney T. Paul, Charles Paul, deceased, nor Florence Paul, administratrix of the estate of Charles Paul, acquired any legal or equitable interest in any of the real property involved in this proceeding prior to the death of John P. Paul.

### Conclusions of Law.

1. The Court has jurisdiction of the parties and subject matter of this cause.

2. By virtue of the assessment made by the Commissioner of Internal Revenue, on February 19, 1933, pursuant to a decision of the United States Board of Tax Appeals, which had become final, there is now due to the plaintiff from the estate of John P. Paul the sum of $31,352.12, together with interest thereon at the rate of 1% per month from February 19, 1933, to October 24, 1933, and at the rate of 6% per annum from that date until fully paid.

3. That the plaintiff, the United States, has a lien for the unpaid Federal Estate Tax on all the property described in the bill of complaint, effective from May 5, 1926, the date of the death of John P. Paul.

4. That the lien of the United States is prior in time and superior in right to the liens created by any mortgages executed subsequent to the date of the death of John P. Paul, and to the liens for state, county and city taxes.

5. That the Federal Estate Tax lien created by Section 315(a) of the Revenue Act of 1926, 26 U.S.C.A.Int.Rev. Acts, page 253, is separate and distinct from the general tax lien created by Section 3186(a), R.S. as amended by Section 613 (a) of the Revenue Act of 1928, 26 U.S. C.A.Int.Rev.Acts, page 461.

6. That Section 3186(b), as amended, requiring the filing of notice of liens created by Section 3186(a), as amended, does not apply to the Federal Estate Tax liens created by Section 315(a) of the Revenue Act of 1926.

7. That notice of the Federal Estate Tax lien created by Section 315(a) of the Revenue Act of 1926 need not be recorded or filed in order for said lien to prevail against subsequent purchasers, mortgagees, and judgment creditors.

8. That the lien of the plaintiff, United States of America, is inferior and subordinate to mortgages on parcels 9, 18, 19, 20, 23, 34, 29, 35, 40, 41, 42, 43 and 44, inasmuch as these mortgages were placed upon the property prior to the death of John P. Paul.

9. That the purported oral promise of John P. Paul to convey an interest in his property to the Paul heirs did not constitute a valid, legal or equitable charge on any of the real property in this proceeding.

10. That the testimony purporting to show an oral promise made by John P. Paul to convey an interest in his real property is inadmissible as seeking to establish an interest in real estate by parol testimony and is not material to the controversy involved in this proceeding.

11. That John W. Paul, Frederick P. Paul, Nettie B. Paul, Amelia L. Paul, Riney T. Paul, Charles Paul, deceased, and Florence Paul, administratrix of the estate of Charles Paul, were not purchasers for value of any of the real property involved in this proceeding.

12. That the lien of the United States for unpaid federal estate taxes from the estate of John P. Paul, is paramount and superior to any and all rights or interests held, or claimed to be held, by the Paul children in any of the real property involved in this proceeding.

13. That the plaintiff, United States of America, is entitled to a decree foreclosing its lien against all of the property described in said bill of complaint, except parcels 9, 18, 19, 20, 23, 24, 29, 35, 40, 41, 42, 43 and 44.

14. That the defendants are entitled to have the assets marshaled and those parcels of real estate which are unencumbered except for taxes and which are owned by persons who are direct or indirect beneficiaries of the estate of John P. Paul, deceased, to wit: Parcels 2a, 3, 5, 6, 12, 13, 14, 15, 16, 17, 21, 22, 24, 25, 26, 27, 28, 30, 33, 37, 39, 45, 46, 48, and 49, be sold first to satisfy the claim of the plaintiff; and Parcels 1, 2, 4, 7, 8, 10, 11, 31, 32, 38, 47,

and 50, are not to be sold until that part held by the beneficiaries of John P. Paul has been sold and it is found that the proceeds from such are not sufficient to satisfy the plaintiff's claim, in which event those parcels above mentioned shall then be sold.

Plaintiff shall submit a decree in conformity with the findings.