Jacob Markowitz, J.
The only question remaining undecided, in this partition action, is whether the United States Government possesses a tax lien upon the proceeds of the undivided interest of Louise K. Herter in the real property which was the subject of the action. Mrs. Herter’s share of the proceeds of the sale of the property is on deposit in this court, pursuant to court order, pending the determination of the aforesaid legal issue.
The Referee heretofore appointed to ascertain the rights of the parties, including those of the United States Government, has reported that the Government possessed no lien upon the property by virtue of the judgment obtained by the Government against Mrs. Herter, as executrix of her deceased husband. He pointed out, in his opinion, that title to the property had passed to Mrs. Herter by devise at the date of her husband’s death, long prior to the obtaining of the judgment.
The Government, in opposing confirmation of the Referee’s report, makes no claim that the Referee erred in holding that the judgment against the estate did not give the Government a lien upon Mrs. Herter’s individual interest in the property. Instead, it bases its claim of lien upon section 827 of the Internal Revenue Code of 1939 (§ 6324 of the 1954 Code) and section 6321 of the 1954 Code (§ 6370 of the 1939 Code).
The minutes of the hearing before the Referee and a copy of the brief submitted to him by the Government reveal, however, that the Government’s claim before the Referee was not based at all upon the statutory provisions now relied upon. Indeed, the Government’s present brief admits that “ the Government did not emphasize the tax lien in its arguments below ’ ’.
The Government now also claims that a 1954 assessment of the estate tax due from the estate “ gave rise to a further general lien for taxes under the provisions of section 6321 of the Internal Revenue Code of 1954.” Although proof of the assessment was submitted in opposition to the motion to confirm, no proof thereof had been offered at the hearing before the Referee, nor was the assessment or the claim now asserted even mentioned thereat. Nevertheless, if the statutes relied upon do give the Government a lien upon Mrs. Herter’s individual interest in the realty or its proceeds, the fact that no claim of a statutory lien was asserted before the Referee does not preclude the Government from claiming such a lien on the present motion to disaffirm the Referee’s report, which is purely advisory.
*189 Section 827 of the 1939 Code and section 6324 of the 1954 Code operate independently and are both available to the Government in the case of an estate tax (Detroit Bank v. United States, 317 U. S. 329). The section 827 lien is a special estate tax lien, while the section 6321 lien is a lien “ for any tax ”. The estate tax lien is imposed upon the gross estate of a decedent, which is defined in section 811 of the 1939 Code to include all the decedent’s property at the time of his death. This lien “ attaches at the decedent’s death without necessity for assessment or demand” (Detroit Bank case, supra, p. 332) and Mrs. Herter, therefore, acquired her husband’s interest in the realty subject to that lien. The lien does not, however, avail the Government as to Mrs. Herter’s devised interest because the lien was good for only 10 years from the date of her husband’s death (§ 827; Detroit Bank case, supra, p. 335). The death occurred on March 14,1945 and the lien, therefore, expired on March 14,1955. The 1954 assessment merely made the amount of the estate tax definite and certain. It did not purport to extend the duration of the lien, nor could it legally do so in the absence of a statutory provision extending the lien in the case of an assessment within the 10-year period.
The section 6321 (U. S. Code, tit. 26) lien applies in the cases of taxes generally, and is not limited to estate taxes (Detroit Bank case, supra, pp. 334-335). It provides that “ if any person liable to pay any tax neglects or refuses to pay the same after demand, the amount * * * shall be a lien * * * upon all property belonging to such person ” (italics supplied). Section 6322 provides that the lien “ shall arise at the time the assessment is made and shall continue until the liability for the amount so assessed is satisfied or becomes unenforceable by reason of lapse of time ” (italics supplied). This section clearly imposes a lien upon the estate of the deceased, since the word “ person” is defined, in section 7701, to include an “ estate ”. It also imposes a lien upon Mrs. Herter’s inherited interest in the property, since Mrs. Herter is a person liable to pay the estate tax to the extent of the property received by her from the decedent. As a devisee, Mrs. Herter, in her individual capacity, is a person liable to pay the estate tax to the extent of the value of the property devised to her (U. S. Code, tit. 26, § 6324, subd. [a], par. [2]; § 6901, subd. [Ii]). The lien arises when the person liable to jjay the tax refuses to pay on demand (§ 6321). It relates back to the time of the assessment of the tax (§ 6322).
The Government, in a proceeding against the estate in the Surrogate’s Court, has claimed that the decedent’s interest in *190 the realty should have been made an asset of his estate and applied to the payment of the Government’s debt. This clearly indicates that the Government asserts a claim against the decedent’s interest in the realty and constitutes a demand on Mrs. Herter for payment to the extent of the realty she acquired by devise from the decedent (see United States v. Ettelson, 159 F. 2d 193,196).
It follows that the Government has a valid lien under section 6321 for the payment of the balance of the estate tax with interest. The County Clerk is directed to pay the Government the amount of its claim, with interest and to pay the balance of the fund in his hands, less his lawful fees, to Louise K. Herter. Settle order.