**UNITED STATES of America, Plaintiff-Appellant,**

v.

**Thomas H. CLEAVENGER, Administrator of the Estate of Lurline B. (App) Smith, Deceased, et al., Defendants-Appellees,**

**and**

**Ernest Rueth, Intervenor.**

**No. 74–1223.**

United States Court of Appeals, Seventh Circuit.

Argued Sept. 12, 1974.

Decided May 29, 1975.

---

Scott P. Crampton, Asst. Atty. Gen., Richard Farber, Atty., Tax Div., U. S. Dept. of Justice, Washington, D. C., John R. Wilks, U. S. Atty., Fort Wayne, Ind., Joseph S. VanBokkelen, Asst. U. S. Atty., Hammond, Ind., for plaintiff-appellant.

Owen W. Crumpacker, Steven R. Crist, Hammond, Ind., for defendants-appellees.

Before CUMMINGS, PELL and TONE, Circuit Judges.

PELL, Circuit Judge.

Lurline Smith died on July 14, 1958. A federal estate tax return was filed but the tax was not paid. In 1964, the state probate court entered a judgment against the estate for the taxes which had been assessed. On August 25, 1965, the Government filed suit in the district court to foreclose federal tax liens. The only property involved in that suit which is also involved in the present appeal was real estate in which the decedent was a joint owner. No transferee assessment was made against the surviving joint tenant in whom title had vested. Eventually judgment was entered dismissing the foreclosure action as to the jointly owned property. The court held that the special lien for estate taxes imposed by Section 6324(a)(1) of the Internal Revenue Code of 1954, 26 U.S.C. § 6324(a)(1),[1] expired ten years after the death of the decedent notwithstanding that the Government had instituted an action to foreclose that lien within the ten-year period.[2] This appeal by the Government followed. The sole issue, easy of statement but not equally easy of resolution, is whether the filing of the action extended the special estate tax lien.

---

1. (a) Liens for estate tax.—Except as otherwise provided in subsection (c)—

    (1) Upon gross estate.—Unless the estate tax imposed by chapter 11 is sooner paid in full, or becomes unenforceable by reason of lapse of time, it shall be a lien upon the gross estate of the decedent for 10 years from the date of death, except that such part of the gross estate as is used for the payment of charges against the estate and expenses of its administration, allowed by any court having jurisdiction thereof, shall be divested of such lien.

2. The reasoning of the district court is set forth in its Memorandum Opinion, United States v. Cleavenger, 325 F.Supp. 871 (N.D. Ind.1971). The appeal from that decision was dismissed by this court in an unreported order, 483 F.2d 1406, because there had been no final judgment in the district court. On December 10, 1973, final judgment was entered consonant with the view expressed in the earlier Memorandum Opinion.

There are generally two types of tax liens available to the United States to enforce the estate tax liability of a decedent's estate. The first, commonly referred to as the "general tax lien" or the "assessment lien," is created by the provisions of 26 U.S.C. § 6321:

"If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person."

Under Section 6322 of the Internal Revenue Code of 1954, the general tax lien imposed by Section 6321 arises at the time the assessment is made and continues "until the liability for the amount so assessed (or a judgment against the taxpayer arising out of such liability) is satisfied or becomes unenforceable by reason of lapse of time."

The second type of lien available to the United States is the "special estate tax lien" provided for in Section 6324(a)(1).

The special estate tax lien is an immediate lien upon the gross estate of the decedent. Unlike the general tax lien, the special lien arises at the date of the death of the decedent without any necessity of making an assessment or of recording or filing. This lien is a lien not only on property which the decedent owned outright but also upon all property which is properly includable in his gross estate for the purpose of computing the federal estate tax. Detroit Bank v. United States, 317 U.S. 329, 332–333, 63 S.Ct. 37, 87 L.Ed. 493 (1943). In the present case, the property in question concededly constituted part of the decedent's gross estate for purposes of the federal estate tax under Section 2040 of the Code (26 U.S.C.), even though it passed automatically to the surviving tenant upon death of the decedent. See

United States v. Jacobs, 306 U.S. 363, 59 S.Ct. 551, 83 L.Ed. 763 (1939).

We also note as a background matter the sections of the Code pertinent hereto which are categorized as Limitations. Under 26 U.S.C. § 6501, the time for assessment expires three years after the estate tax return is filed. 26 U.S.C. § 6502 provides in part as follows:

"(a) Length of period.—Where the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun—

(1) within 6 years after the assessment of the tax, or

(2) prior to the expiration of any period for collection agreed upon in writing by the Secretary or his delegate and the taxpayer before the expiration of such 6-year period (or, if there is a release of levy under section 6343 after such 6-year period, then before such release).

The period so agreed upon may be extended by subsequent agreements in writing made before the expiration of the period previously agreed upon. The period provided by this subsection during which a tax may be collected by levy shall not be extended or curtailed by reason of a judgment against the taxpayer."

The present controversy would not have arisen if a transferee assessment had been made, but it was not; and the Government, falling back upon the special tax lien, is claiming that the ten year period is not durational but is a period of limitations during which a suit for foreclosure must be filed. We are given little aid either by the legislative history or the decided cases.

The provision for the special estate tax lien first appeared as § 209 of the Revenue Act of 1916, Sept. 8, 1916, ch. 463, § 209, 39 Stat. 780. No mention of the specific provision is made in the committee reports on the bill. H.Rep.922, 64th

Cong., 1st Sess. (1939–1 Pt. 2 Cum.Bull. 22); S.Rep.No.793, 64th Cong., 1st Sess. (1939–1 Pt. 2 Cum.Bull. 28); H.Rep.No. 1200, 64th Cong., 1st Sess. (1939–1 Pt. 2 Cum.Bull. 32). In 1966 the provision was amended adding the reference to unenforceability by reason of lapse of time. The language is intended to make it clear that the limits regarding assessment and collection apply to this section. H.Rep.No.1884, 89th Cong., 2d Sess. 13 (1966–2 Cum.Bull. 815, 823); [3] *Id.* at 51 (1966–2 Cum.Bull. at 851); S.Rep.No. 1708, 89th Cong., 2d Sess. 14–15 (1966–2 Cum.Bull. 876, 885–86).

Insofar as case law is concerned, both parties (and the district court) rely upon *Detroit Bank, supra.* In that case, the decedent died May 5, 1926. The complaint was filed May 4, 1936. The ten year period from the date of death thus expired May 5, 1936. The decision of the lower court was handed down, sub nom. United States v. Paul, August 12, 1940. 41 F.Supp. 41 (E.D.Mich.1940). This opinion was later affirmed by the Supreme Court in 1943. No mention is made of the lien expiring as a result of the passage of the 10 year period; however, there is no indication that the issue before us was given any consideration.

Similarly the decisions in the following cases were handed down more than 10 years after the death of the decedent although filed within the period, and no issue was raised regarding its expiration: United States v. Cruikshank, 48 F.2d 352 (S.D.N.Y.1931); Rosenberg v. McLaughlin, 66 F.2d 271 (9th Cir. 1933), cert. denied, 290 U.S. 696, 54 S.Ct. 132, 78 L.Ed. 599; United States v. Cury, 61–1 U.S. T.C. ¶ 12,003 (W.D.Va.1961); United States v. Novack, 72 Civ. 3689 (S.D.N.Y., June 27, 1974).

On the other hand, the issue was squarely addressed in a non-federal case, although without analysis, Kaufman v. Herter, 24 Misc.2d 187, 194 N.Y.S.2d 848, 851 (Sup.Ct.1959):

"Sections 827 [predecessor of § 6324(a)(1)] of the 1939 Code and 6324 of the 1954 Code operate independently and are both available to the government in the case of an estate tax (Detroit Bank v. U. S., 317 U.S. 329, 63 S.Ct. 297, 87 L.Ed. 304). The section 827 lien is a special estate tax lien, while the section 6321 lien is a lien 'for any tax'. The estate tax lien is imposed upon the gross estate of a decedent, which is defined in section 811 of the 1939 Code, 26 U.S.C.A. § 811 to include all the decedent's property at the time of his death. This lien 'attaches at the decedent's death without necessity for assessment or demand' (Detroit Bank case, supra, 317 U.S. at page 332, 63 S.Ct. at page 298) and Mrs. Herter, therefore, acquired her husband's interest in the realty subject to that lien. The lien does not, however, avail the government as to Mrs. Herter's devised interest because the lien was good for only ten years from the date of her husband's death (§ 827, supra; Detroit Bank case, supra, 317 U.S. at page 335, 63 S.Ct. 300.) The death occurred on March 14, 1945 and the lien, therefore, expired on March 14, 1955. The 1954 assessment merely made the amount of the estate tax definite and certain. It did not purport to extend the duration of the lien, nor could it legally do so in the absence of a statutory provision extending the lien in the case of an assessment within the ten year period."

---

**3.** "The bill amends the provision relating to the special liens for estate and gift taxes, first, to make it clear that these special liens are extinguished after the running of the period of limitations on the collection of the underlying estate or gift tax liability * * *.

"Present law provides that unless the estate and gift taxes due are paid in full at an earlier date, they are to be a lien (without tax lien filing) for 10 years from the date of death, upon the gross estate of the decedent, * *. The bill adds a phrase in these provisions making it clear that these special liens are to terminate before the expiration of the 10 years at any time the estate or gift tax liability becomes unenforceable by reason of the running of the statute of limitations on collection (usually a 6-year period after assessment)." U.S. Code Cong. & Admin.News 1966, pp. 3722, 3735.

Returning to *Detroit Bank,* the appellees rely upon this language in that opinion, "The lien of R.S. § 3186 [general tax lien] continues until the tax liability is paid while the lien of § 315(a) [the special estate tax lien] continues for ten years from the death of the decedent." 317 U.S. at 335, 63 S.Ct. at 300. Since the Supreme Court made the observation in the context of a case where the ten year lien had been foreclosed more than ten years after the date of death, it would appear that neither side in the present litigation can claim that *Detroit Bank* is a definitive supporting decision.

Turning then, on virtually a first impression basis, to the section in question, it appears to us on analysis as being a backup freezing provision to facilitate the collection of estate and gift taxes. Whenever a title examiner comes upon an indication of ownership within an immediately prior ten year period by a decedent, whether that ownership was in fee simple or in some type of joint ownership, he has a red flag of possible title trouble.[4] Any property reportable in the decedent's estate tax return other than that which had been used to pay on the tax or for administration purposes has the lien impressed upon it immediately upon the death of the owner without any other action by way of filing or assessment being necessary. Under the Government's position, there would be no assurance whatsoever from the passage of time. Suit could be filed for foreclosure within the ninth year after the decedent's death and if the proceedings took the normal leisurely course which tax litigation reaching this court seems sometimes to have as an attribute, the foreclosure, and the life of the now latent lien, could be extended well into the next decade. We have been furnished no persuasive reason for determining that the Government does not have available more than adequately effective means of estate tax collection by utilization of assessment lien procedures buttressed by the freezing act of the special tax lien, assuming, of course, that the business of collecting the tax is followed with any type of vigor whatsoever. We also are not unmindful of the aspects in which the transferee of the decedent's property finds himself by virtue of the very existence of the 6324 lien. Unless he is willing to sit for ten years and hope that the Government does not proceed with assessment lien procedures, he will have a powerful incentive to see that the lien is eliminated. The annual accrual of interest on the unpaid tax obviously would not lessen the incentive.

The district court concluded from the plain language of § 6324 that the special tax lien on the property in the estate expired on July 14, 1968. We agree. It is ancient law that the "ordinary meaning of the language must be presumed to be intended, unless it would manifestly defeat the object of the provisions." Minor v. Mechanics Bank of Alexandria, 26 U.S. (1 Peters) 46, 64, 7 L.Ed. 47 (1828). We are not persuaded that the construction of the section which we have reached would defeat in any realistic way the proper collection of death succession taxes.

The result we have reached, being no stranger to the law of liens, would scarcely seem properly to be characterized as an eccentric rule. The special estate tax lien with which we are here concerned is analogous to a judgment lien. Each is a creature of a statute not of the common law. The lien of each becomes effective without the consent of the lienee, in one case by virtue of death and in the other case on the rendition of the judgment or its recording in counties other than that in which rendered. Each lien is in a sense a floating lien, not directed at specifically described property but impressing itself in the one case upon all property subject to the estate tax and in the other upon all real estate in which the judgment debtor has or ac-

---

4. The same is true of any transaction within the past 10 years in which it appears that less than full value has been paid for a transfer.

See 26 U.S.C. § 6324(b), pertaining to the 10 year lien for gift tax.

quires an interest. Each by its terms has a fixed period of life.

■ "Although there are some decisions to the contrary, as a general rule where a statute fixes a definite limitation to the lien of a judgment it is not saved or extended by the bringing of an action to enforce the lien, or by a creditor's bill, where such action or bill remains undetermined when the statutory period expires . . .". (Footnotes omitted.) 49 C.J.S. Judgments § 495 at 949 (1947). See also, Annotation, Issuance or levy of execution as extending period of judgment lien, 77 A.L.R.2d 1064 et seq. (1961).

The rationale in the present type of situation was well stated by the Illinois Supreme Court in Smith v. Toman, 368 Ill. 414, 420, 14 N.E.2d 478, 481 (1938): "Statutes of limitation relate to the question of remedy by fixing a time within which a suit must be brought. Those statutes which create a substantive right unknown to the common law and in which time is made an inherent element of the right so created, are not statutes of limitation. Section I of the Judgments Act is such a statute."

For the reasons hereinbefore set out, the judgment of the district court is

Affirmed.

TONE, Circuit Judge (dissenting).

The effect of the court's holding is that if for any reason a judicial proceeding to enforce a special estate tax lien is commenced but not brought to a successful conclusion before the expiration of the 10-year period, the lien is dissolved and the proceeding goes for naught. If the court is right that would have been the result in Detroit Bank v. United States, 317 U.S. 329, 63 S.Ct. 37, 87 L.Ed. 493 (1943), and the four other federal cases cited by the majority in which judgments were entered more than 10 years after the death of the decedent, if anyone had thought to raise the point raised here. (In Kaufman v. Herter, 24 Misc.2d 187, 194 N.Y.S.2d 848 (Sup.Ct. 1959), a partition proceeding in a state trial court in which the government intervened, it does not appear from the opinion that the government asserted its special estate tax lien claim in any legal proceeding within the 10-year period; the government was held to have a valid assessment lien for the balance of the tax due, with interest.)

I doubt that Congress intended to leave the enforceability of the government's lien dependent on how fast litigation to enforce it can be brought to termination, thereby rewarding the dilatory defendant. Relieving the title searcher from the need to check the indexes of cases is not a sufficient justification for a rule that produces such eccentric results. Nor is the availability of the assessment lien alternative, with its shorter limitation period. It may well be that the assessment lien will normally be adequate if the tax collector is diligent. But section 6324(a) was intended as an alternative, or backup, means of protecting the revenue and should be given reasonable scope.

The majority's analogy to the traditional judgment lien does not go very far. Such a lien, unlike the federal special estate tax lien, can usually be kept alive beyond the statutory period by an action to revive the judgment. E. g., Ill.Rev.Stat. ch. 77, § 1 et seq. (1973) (which is the modern version of the statute referred to in Smith v. Toman, 368 Ill. 414, 14 N.E.2d 479 (1938), cited by the majority); Motel v. Andracki, 299 Ill.App. 166, 170, 19 N.E.2d 832, 834 (1st Dist. 1939). Thus the legislature provides a procedure by which the judgment lien holder can preserve his lien until an action to enforce it is concluded. Some courts have given as a reason for not permitting an extension of a judgment lien beyond the statutory period the fact that the judgment creditor has an adequate alternative remedy because he could keep his lien alive by renewing or reviving the judgment. See, e. g., Trapnall v. Richardson, Waterman & Co., 13 Ark. 543 (1853); Depositors' Holding Co. v. Winschel, 60 N.D. 71, 232 N.W. 599 (1930); 77 A.L.R.2d 1067–1068. Con-

gress' omission to provide a procedure for keeping the special estate tax lien alive until litigation to enforce the lien is concluded can be interpreted as indicating that body's view that such a provision is unnecessary because even without it the lien survives until the litigation is concluded.

I would hold that the special estate tax lien may be enforced by the government in an action commenced within 10 years of death.