UNITED STATES of America, Plaintiff,

v.

Naima M. SALEH and Joseph M. Saleh, individually and as Executors of the Estate of Menashi J. Saleh and as Trustees under the last will and testament of Menashi J. Saleh, Joseph Rolnick, Katie Rolnick, Barry Dubin, Lois Dubin, Herman Zell a/k/a Herman Zelkovitz, Marcia Zelkovitz a/k/a Marcia Zell, Continental Searchers, Inc., J & M Land Co., Atlantic City Electric Co., Inc. a/k/a Atlantic Electric Co., Inc., Cumberland County, Mathew Banka, Francine Banka, Howard A. Silvers, Helen V. Silvers, Howard Jeffrey Levin, Carmen Levin, James M. Kirk, Viola E. Kirk, Earl L. Pangburn, Nina Pangburn, Richard Cole, Marian Cole, Richard Tulley, Laura Tulley, Herbert Walter Sheppard, American Theological Institute, K. S. Pascal Bailon, Amy A. Rosalinas Bailon, Howard Lonsk, Gloria Lonsk, Elsa Enzman, Mauvline Stiles, Frank D. Ottinger, Edward J. Gallagher, Robert R. Caudik, Linda M. Caudik, Donn Richard Scharlet, Defendants.

Civ. A. No. 79–3674.

United States District Court,
D. New Jersey.

July 17, 1980.

Allen R. Mass, Tax Division, Civil Trial Section, U. S. Dept. of Justice, Washington, D. C., for plaintiff.

Jack Plackter, Horn, Kaplan, Goldberg & Gorny, Atlantic City, N. J., for defendants Joseph Rolnick, Katie Rolnick, Barry Dubin, Lois Dubin, Herman Zell a/k/a Herman Zelkovitz, Marcia Zelkovitz, a/k/a Marcia Zell, Continental Searchers, Inc., J & M Land Co., American Theological Institute, Howard Lonsk and Gloria Lonsk.

John Aleli, Steedle, Megargee, Youngblood, Franklin & Corcoran, Pleasantville, N. J., for defendant Atlantic City Elec. Co., Inc. a/k/a Atlantic Elec. Co., Inc.

Cumberland County, Cumberland County Court House, Bridgeton, N. J., pro se.

William R. Serber, Kirkman, Mulligan, Bell & Armstrong, Atlantic City, N. J., for defendants Mathew Banka, Francine Banka, James M. Kirk, Viola E. Kirk, Earl L. Pangburn, Nina Pangburn, Richard Cole, Marian Cole, Richard Tulley, Laura Tulley, Herbert Walter Sheppard, K. S. Pascal Bailon, Amy A. Rosalinas Bailon, Elsa Enzman,

Mauvline Stiles, Edward J. Gallagher and Donn Richard Scott.

Steven Antonelli, Lipman, Antonelli, Batt & Dunlap, Vineland, N. J., for defendants Robert Caudill and Linda Caudill.

Howard A. Silvers, pro se.

Helen V. Silvers, pro se.

Howard Jeffrey Levin, pro se.

Carmen Levin, pro se.

Frank D. Ottinger, pro se.

## OPINION

GERRY, District Judge.

## FACTS

This is an action to foreclose so-called "special" estate tax liens imposed under 26 U.S.C. § 6324(a)(1). Decedent Menashi J. Saleh died on December 26, 1969; he was a resident of the State of New York. His will was admitted to probate on January 15, 1970. The United States made assessments against the estate's executors on May 7, 1971, and on March 5, 1974, in the amount of $149,918.46; those assessments remain unpaid.

At various times subsequent to the assessments, the executors, who are also defendants herein, conveyed several parcels of real estate located in Cumberland County, New Jersey, to the several transferee-defendants. All or portions of that real estate was subsequently reconveyed to other transferee-defendants. The Government concedes that no notice of any federal tax lien respecting these properties was ever filed in Cumberland County.

This lien foreclosure action was filed on December 26, 1979, ten years to the day following the decedent's death.

Most, but not all, of the transferee-defendants now move for summary judgment, arguing that, as a matter of law, the special estate tax lien imposed by 26 U.S.C. § 6324(a)(1) has a maximum duration of ten years following the decedent's death and cannot be enforced thereafter, notwithstanding the filing of a foreclosure action within the ten-year period. For purposes of this motion, defendants accept the facts as set forth in the complaint.

## DISCUSSION

It must be noted at the outset that the Government's complaint claims only a special estate tax lien under 26 U.S.C. § 6324(a)(1). Accordingly, defendants' arguments that the Government is not entitled to a general tax lien under 26 U.S.C. § 6321, for failure to comply with the notice requirements of 26 U.S.C. § 6323(a) and (b), are not directly applicable to this action.

The statutory prerequisites of the general tax lien, however, do provide a useful comparison for those of the special estate tax lien. The general (or "assessment") tax lien is created by 26 U.S.C. § 6321 and is applicable to "any tax" for which demand has been made and payment neglected or refused. By contrast, the "special" lien of § 6324(a)(1) is imposed only for federal estate taxes. [§ 6324(b) imposes a similar "special" lien on account of the federal gift tax.] Section 6323 details the prerequisites for validity and priority of the general tax lien against certain persons, including purchasers. Section 6322 also defines the "period" of the general lien: (1) it arises at the time the assessment is made, and (2) it continues until the amount assessed (a) is satisfied, or (b) "becomes unenforceable by reason of lapse of time."

The latter phrase refers to the Code's Limitations sections, 26 U.S.C. §§ 6501, 6502. Section 6501(a) states the general rule for limitations on assessments:

Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed . . . and no proceeding in court without assessment for the collection of such tax shall be begun after the expiration of such period.

Section 6502(a) further provides that following timely assessment of the tax, "such tax may be collected by levy or by a proceeding in court, but only if the levy is made on the proceeding begun—(1) within 6

years after the assessment of the tax, or (2) pursuant to a written agreement providing for a longer payment period."

■ The special estate tax lien differs from the general tax lien in several important respects. Section 6324(a)(1) reads:

Unless the estate tax imposed by chapter 11 is sooner paid in full, *or becomes unenforceable by reason of lapse of time*, it shall be a lien upon the gross estate of the decedent *for 10 years from the date of death*, except that such part of the gross estate is used for the payment of charges against the estate and expenses of its administration, allowed by any court having jurisdiction thereof, shall be divested of such lien.

(Emphasis added.) Unlike the general tax lien of § 6321, the special estate tax lien is imposed on the gross estate of the decedent; that part of the gross estate used for the payment of charges and administration expenses may be divested of the lien. (Subsection (2) further defines the liabilities of transferees and others.) Moreover, the special estate tax lien arises immediately at the date of death, *without assessment. Detroit Bank v. United States*, 317 U.S. 329, 63 S.Ct. 297, 87 L.Ed. 304 (1943). From that point, the tax "shall be a lien . . . for 10 years." By the terms of the statute, the ten-year lien period may be shortened if the estate tax (1) "is sooner paid in full," or (2) "becomes unenforceable by reason of lapse of time." Obviously, the lien may be extinguished by full satisfaction of the obligation.

The second phrase was added as part of the Tax Lien Act of 1966 and will be further discussed below. Here, it is sufficient to note that defendants' contention is not based on the construction of that second phrase—i. e., they do not say that the special lien here has "become unenforceable by reason of lapse of time." Rather, the immediate question posed by the moving parties concerns the construction of the phrase, "shall be a lien . . . for 10 years from the date of death." Defendants argue that the ten-year provision is an absolute durational requirement, and that a § 6324(a)(1) lien

cannot be enforced beyond that date, notwithstanding the filing of a foreclosure action within the ten-year period. The Government argues that § 6324(a)(1) simply establishes a ten-year statute of limitations for the special estate tax lien.

Defendants rely entirely on the opinion in *U. S. v. Cleavenger*, 517 F.2d 230 (7th Cir. 1975). The majority there noted that neither the legislative history nor the decided cases were of much help in deciding the question. The majority voted that there were several cases, including *Detroit Bank*, which had handed down decisions enforcing the special lien more than ten years after the decedent's death; it observed, however, that the question had not been raised for consideration. The court there cited a New York State case which apparently held, without analysis, that the special tax lien expired once for all at the ten-year mark. The *Cleavenger* majority there found that (1) the special lien, attaching at death and without assessment, is a "backup freezing provision" to aid in the collection of estate taxes; (2) without final expiration of the lien at ten years, "there would be no assurance whatsoever from the passage of time," since foreclosure litigation could easily stretch into the second decade; (3) use of the general assessment lien should be more than adequate for the Government's collection purposes; (4) the "plain language" of § 6324 called for final expiration at the ten-year mark; (5) statutory durational liens are not unknown: this lien is analogous to the statutory judgment lien which expires by its own terms at the end of the designated period.

This court cannot agree with the reasoning of *Cleavenger*. In the first place, application of the *Cleavenger* rule would by implication overturn the decision in *Detroit Bank* itself, and in a number of other cases whose procedural history is indistinguishable from this action. *See U. S. v. Estate of Novak*, 742 U.S.T.C. ¶ 13,013 (S.D.N.Y. 1974); *U. S. v. Cruikshank*, 48 F.2d 352 (2 Cir. 1931). More to the point, however, acceptance of defendants' argument would reward the dilatory taxpayer/litigant at the

expense of the Government. Under that rationale, only those special liens would be ultimately enforced in actions which had progressed to final judgment (and presumably through appeal as well) before the magic ten-year mark appeared. This court cannot impute to Congress an intent to make the availability of a remedy dependent, not on the timely action of the Government in filing suit, but on the progress of the court's own calendar. We are not persuaded by the *Cleavenger* majority's reasoning that the special lien is only a "backup freezing provision," and that assessment and collection by use of the general tax lien should ordinarily be adequate. That argument ignores the fact that Congress has provided an independent, separate lien for the estate tax in § 6324, that such lien attaches without assessment, and that this provision has long been recognized by the courts. Neither is it helpful to compare the special estate tax lien to statutory judgment liens of fixed duration. As the dissent in *Cleavenger* noted, even judgment liens ordinarily may be renewed by application of the judgment creditor, and they do not expire during the pendency of suit to enforce them.

Finally, the *Cleavenger* majority seemed distressed by the relatively lengthy term of the special lien and its concededly unfortunate effects on a transferee. Congress, of course, has chosen the ten-year period. Moreover, as the Government points out, the prospective purchaser may demand any of several proofs that the property is not subject to a special lien, including certificates of abatement or discharge.

The *Cleavenger* majority noted that there is little legislative history to illuminate Congress' intent for § 6324. What little history there is, however, seems to undercut defendants' argument. Again, § 6324(a)(1) provides that the special lien shall be for ten years *unless* sooner paid in full *or* it "becomes unenforceable by reason of lapse of time." The second phrase was added in 1966. This is precisely the same phrase used in 26 U.S.C. § 6322 to define the period of the general tax lien; as noted, in that context the reference is clearly to §§ 6501,

6502(a), setting forth the limitation periods for assessment and collection. The Senate Report to the 1966 Amendments notes that the phrase was added to § 6324(a)(1) "to make it clear that these special liens are to terminate before the expiration of the 10 years at any time the estate ... tax liability becomes unenforceable by reason of the running of the statute of limitations on collection [of the underlying estate tax liability] (usually a six-year period after assessment)." U.S.Code Cong. & Admin. News 1966, pp. 3735–36. This again is a clear reference to the general limitation provisions of § 6502(a). The reference is somewhat confusing in the context of § 6324(a)(1), however, since the Supreme Court had long previously determined that the special estate tax lien attaches immediately at the date of death and *without assessment*. *Detroit Bank v. U. S., supra.* The language of the statute on which the Court relied in making that determination has not been since changed; neither has the ten-year lien period been altered. Indeed, the Senate Report apparently does not contemplate a change in operation of § 6324(a)(1) by this amendment: it simply states that the additional phrase will "make it clear" that under certain circumstances the special lien will terminate *prior* to the expiration of the ten-year period, commencing at the date of death. It is evident from the Senate Report, however, that the "ten-year" provision, however construed, was intended to be the maximum period of the lien, or, in other words, that the clause terminating a lien as "unenforceable by reason of lapse of time" would operate only to shorten the duration of the special lien, not to lengthen it. In that regard, it may be noted that simply filing a foreclosure action is sufficient to satisfy the limitation requirements of a general tax lien, under § 6322, under the identical clause. *U. S. v. Hodes*, 355 F.2d 746 (2d Cir. 1966); *Moyer v. Mathas*, 458 F.2d 431 (5th Cir. 1972). That procedure could clearly involve timely-filed litigation, which might nonetheless not be brought to conclusion within ten years from the date of death. Since the "lapse of

**12**

time clause" was apparently intended simply to shorten the possible duration of the special lien, it would be inconsistent to construe the ten-year provision as mandating termination of otherwise permissible pending enforcement actions.

For these reasons, then, this court declines to follow the construction of § 6324(a)(1) as expressed in *Cleavenger.* For purposes of this motion, defendants had accepted the facts as stated in the Government's complaint; however, they have not established that they are entitled to a judgment as a matter of law, and their motion for summary judgment must be denied. F.R.Civ.P. 56(c).