**UNITED STATES of America, Plaintiff,**

v.

**Sandusky J. BATES et al., Defendants.**

**No. 143.**

United States District Court
E. D. Kentucky, at Frankfort.

Dec. 18, 1957.

Henry J. Cook, U. S. Atty., John M. Kelly, Asst. U. S. Atty., Lexington, Ky., for plaintiff.

Sanders & Redwine, Pikeville, Ky., for defendant J. E. Sanders.

HIRAM CHURCH FORD, Chief Judge.

Upon the record, this case is submitted for judgment disposing of certain funds now in the Registry of the Court which were derived from satisfaction of a judgment determining liabilities under fire insurance policies issued to the defendant Sandusky J. Bates (hereinafter referred to as Sam J. Bates), and which were in

effect upon a building owned by him when it was destroyed by fire in the fall of 1951.

Plaintiff seeks judgment for the payment of its alleged liens out of the funds relying upon the following allegations:

"Plaintiff has liens for its unpaid taxes in amounts exceeding $11,000 on a fund of $11,000, representing the proceeds from the settlement of a fire insurance claim by defendant Sandusky J. Bates against the nine defendant insurance companies.

\* \* \* \* \* \*

"The plaintiff's aforesaid liens are prior and superior in right to any right, title or interest of any of the defendants to said fund, except that upon information and belief the defendants Chat Chancellor, Sarah Chancellor and Thomas F. Marshall, partners doing business as Funk, Chancellor and Marshall, have an attorneys' charging lien thereon in the amount of $4,515.84, which is prior and superior to plaintiff's liens."

The defendant J. E. Sanders filed his Answer denying priority or superiority of plaintiff's liens and asserting a lien pursuant to K.R.S. § 30.200 in the sum of $1,200 for services rendered as attorney for Sam J. Bates in connection with the recovery of the funds here involved.

### Findings of Fact.

1. By contract with the property owner Sam J. Bates, the defendant J. E. Sanders served as his attorney and rendered substantial service in connection with the preparation of his case. His original contract called for a fee in a sum equal to $33\frac{1}{3}\%$ of the amount recovered, but by subsequent agreement with his client he agreed to accept the sum of $1,200 for his services. Other counsel associated with him in the case performed the principal amount of the work involved in the litigation.

2. In support of plaintiff's claim, there is no showing whatever by pleading or proof as to the time the assessments for the alleged delinquent taxes were made or as to when alleged liens on account thereof arose, as provided by 26 U.S.C.A. § 6322 (formerly 26 U.S.C.A. § 3671), nor is there any showing that notices thereof were filed as required by 26 U.S.C.A. § 6323 (formerly 26 U.S.C.A. § 3672).

3. There is no showing by pleading or proof that the property owner Sam J. Bates was or is insolvent within the meaning of 31 U.S.C.A. § 191.

### Conclusions of Law.

1. This Court has jurisdiction of the parties and of the subject matter of this action. 28 U.S.C.A. § 1396.

2. Upon the payment into Court of the funds here involved, in satisfaction of the judgment in favor of Sam J. Bates, the attorney's lien in favor of the defendant J. E. Sanders was perfected as against the amount recovered "in the sense that there is nothing more to be done to have a choate lien—when the identity of the lienor, the property subject to the lien, and the amount of the lien are established." United States v. City of New Britain, 347 U.S. 81, 84, 74 S.Ct. 367, 369, 98 L.Ed. 520.

3. "The statute creating the federal liens here involved, I.R.C. § 3670 (now 26 U.S.C.A. § 6321), does not in terms confer priority upon them." United States v. City of Britain, supra, 347 U.S. at pages 84–85, 74 S.Ct. at page 370.

4. The absence of both pleading and proof, in support of plaintiff's claim of priority, showing that the alleged taxes were assessed and the liens arose pursuant to 26 U.S.C.A. § 6322 at a time prior to the perfection of the lien of the defendant J. E. Sanders renders plaintiff's alleged liens merely general liens under 26 U.S.C.A. § 6321 (formerly 26 U.S.C.A. § 3670), and thus precludes adjudging to them a position of priority under the rule that "the first in time is the first in right". United States v. City of New Britain, supra, 347 U.S. at page 87, 74 S.Ct. at page 370.

5. In the absence of any allegations or proof that the property owner Sam J.

Bates is or was insolvent, the record fails to show the plaintiff entitled to the priority provided in 31 U.S.C.A. § 191.

For the reasons indicated, the plaintiff's claim that its tax liens set out in the Complaint are prior or superior to the attorney's charging lien in favor of the defendant J. E. Sanders should be denied, and the claim of the defendant J. E. Sanders that his lien for services to Sam J. Bates herein referred to is superior to the alleged claim of the plaintiff should be granted.

The remainder of the fund now in the hands of the Court, after the payment of the claim of J. E. Sanders, should be applied to the tax claim of the Government since there is no dispute in the record in respect to the Government's right to have such remainder so applied.

Let judgment be submitted for entry in conformity herewith.