**In the Matter of COMPUTER MANAGE-MENT, INCORPORATED, Debtor.**

**COMPUTER MANAGEMENT, INCORPORATED, Plaintiff,**

v.

**TRUST COMPANY OF GEORGIA, Defendant.**

**Bankruptcy No. 84–02330A.
Adv. No. 84–0416A.**

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

June 28, 1984.

Deborah B. Zink, Smith, Cohen, Ringel, Kohler & Martin, Atlanta, Ga., for plaintiff.

Catherine S. Butler, Atlanta, Ga., for Trust Co. of Georgia.

J. William Boone, Asst. U.S. Atty., Atlanta, Ga., for I.R.S.

## MEMORANDUM OPINION · AND ORDER

A.D. KAHN, Bankruptcy Judge.

Plaintiff-Debtor filed the above-styled adversary complaint to compel the turnover of property held by Defendant in which the Internal Revenue Service [IRS], by virtue of a notice of levy served on Defendant, claimed an interest. A hearing was held on May 31, 1984 at which time the Court ordered the turnover of $10,000.00 to Plaintiff-Debtor from the account held by Defendant.[1] The Court reserved decision on the IRS' motion for adequate protection. Plaintiff-Debtor and the IRS have both filed briefs with the Court, and after considering same, the Court now makes the following findings of fact and conclusions of law.

The facts are not in dispute and can be summarized as follows. The IRS made an assessment for unpaid employment taxes in the amounts of $64,471.10 for the first quarter of 1983 and $51,584.02 for the last quarter of 1983. These assessments were made on June 27, 1983 and March 3, 1984, respectively. Brief of United States of America Concerning Turnover of Property at 1–2. Final Notice and demand for payment of these amounts was made by letter dated May 8, 1984. *Id.* at 2. When it received no response to the demand, the IRS served a Notice of Levy on May 21, 1984 on Defendant Bank purporting to seize all property, money, credits, and bank deposits held on behalf of Plaintiff-Debtor. *Id.* At this time, Defendant held a total of $16,294.00 in Plaintiff-Debtor's two bank accounts. Plaintiff-Debtor's Brief in Support of Complaint to Compel Turnover of Property and Denial of Adequate Protection to Internal Revenue Service at 2. On May 23, 1984, a representative of the IRS met with a representative of Plaintiff-Debtor and advised him of the levy. Brief of United States at 2. On May 24, 1984, before Defendant had released the funds to the IRS, Plaintiff-Debtor filed its petition for relief under Chapter 11. On May 29, 1984, the IRS filed a Notice of Federal Tax Lien in the Superior Court of Fulton Coun-

---

1. The Court found that, based upon the United States Supreme Court case of *U.S. v. Whiting Pools,* 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983), the funds were property of the es- tate. *Accord, Davis v. I.R.S. (In re Davis),* 35 B.R. 795 (Bankr.W.D.Wash.1983); *Dunne Trucking Co. v. I.R.S. (In re Dunne Trucking Co.),* 32 B.R. 182 (Bankr.N.D.Iowa 1983).

ty, Georgia for the total amount of the taxes due. Plaintiff-Debtor's Brief at 1.

The question before the Court is whether the IRS is entitled to adequate protection under the facts stated above. 11 U.S.C. § 363(e) states that "on request of an entity that has an *interest in property* used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest." (emphasis added). The Court must determine whether the IRS has an "interest in property" (the bank accounts) which necessitates adequate protection under § 363(e).

■ There is no question that a secured creditor is entitled to adequate protection, although many disputes may arise as to the nature and extent of that protection. The IRS could have perfected its interest which arose at the time of assessment [2] in one of two ways. First, it could have filed a notice of tax lien. See 26 U.S.C. § 6323. This was done on May 29, 1984—*after* the filing of the bankruptcy petition. Therefore, because such filing was in violation of the automatic stay, it is void. 11 U.S.C. § 362(a)(4). The second method of perfection is by taking actual possession of the property.

The Internal Revenue Code sets out the procedure for the IRS to take possession of a delinquent taxpayer's property. First, the IRS must serve such a taxpayer with a final notice and demand for payment pursuant to 26 U.S.C. § 6303. If no payment is forthcoming, the IRS may then serve the taxpayer with written notice of its intention to levy on his property. 26 U.S.C. § 6331(d).[3] Ten (10) days notice must be given. *Id.* The next step is to serve the notice of levy pursuant to 26 U.S.C. § 6331(a). After the IRS obtains or seizes the property, it must then give the taxpayer notice of seizure, thereby completing the seizure process. *See, Dunne Trucking Co. v. I.R.S. (In re Dunne Trucking Co.),* 32 B.R. 182 (Bankr.N.D.Iowa 1983).

■ In the case *sub judice,* the IRS made its assessments, gave the Debtor a final notice and demand on May 8, 1984, served Defendant Bank with notice of levy on May 21, 1984, and gave the Debtor *oral* notice of the levy afterwards on May 23, 1984. The IRS never served the Debtor with prior written notice pursuant to 26 U.S.C. § 6331(d) of its intention to levy on the Debtor's bank accounts.[4] Furthermore, it never actually obtained the funds from Defendant Bank and never served the Debtor with notice of seizure. Strict compliance with the procedure set out in the Internal Revenue Code is necessary in order for the IRS to effect a valid levy and seizure. *U.S. v. Birco Mining Co., Inc. (In re Birco Mining Co., Inc.),* 10 B.R. 545 (Bankr.N.D.Ala.1981); *rev'd on other grounds,* 14 B.R. 1017 (N.D.Ala.1981). The Court finds that the attempt by the IRS to levy upon the Debtor's bank accounts was

**2.** See 26 U.S.C. §§ 6321, 6322.

**3.** 26 U.S.C. § 6331(d) provides that—
(1) In general.—Levy may be made under subsection (a) upon the salary or wages or other property of any person with respect to any unpaid tax only after the Secretary has notified such person in writing of his intention to make such levy.
(2) 10-day requirement.—The notice required under paragraph (1) shall be—
(A) given in person,
(B) left at the dwelling or usual place of business of such person, or
(C) sent by certified or registered mail to such person's last known address, no less than 10 days before the day of the levy.
(3) Jeopardy.—Paragraph (1) shall not apply to a levy if the Secretary has made a finding under the last sentence of subsection (a) that the collection of tax is in jeopardy.
*See also,* Staff of Joint Comm. on Taxation, 97th Cong., 2d Sess., General Explanation of the Revenue Provisions of the Tax Equity and Fiscal Responsibility Act of 1982, 260–263 (Joint Comm.Print 1983).

**4.** Although 26 U.S.C. § 6331(d) uses the term "person" (See Footnote 3, *supra* ) and the Debtor is a corporation, 26 U.S.C. § 7701(a)(1) provides that "[t]he term 'person' shall be construed to mean and include ... [a] company or corporation."
The IRS has not alleged that it considered the collection of the taxes in question to be in jeopardy.

both procedurally defective and incomplete. Therefore, the IRS does not hold a perfected security interest in the bank accounts.

In the alternative, the IRS argues that, even though it is not a perfected secured creditor, it nevertheless still possesses an "interest in the property" which must be afforded adequate protection under 11 U.S.C. § 363(e). Brief of United States at 4. Although it is true that adequate protection is not explicitly limited to the interests of perfected secured creditors,[5] it is generally held that Congress intended it as a means of preserving the secured creditor's position at the time of bankruptcy. *See, e.g., Green Mountain Bank v. Jamaica House, Inc. (In re Jamaica House, Inc.),* 31 B.R. 192 (Bankr.D.Vt.1983); *Crocker Nat'l Bank v. American Mariner Indus., Inc. (In re American Mariner Indus., Inc.),* 27 B.R. 1004 (B.R.App. 9th Cir. 1983); *Credit Alliance Corp. v. Nixon Machinery Co. (In re Nixon Machinery Co.),* 9 B.R. 316 (Bankr.E.D.Tenn.1981). The Court finds that the IRS is an unsecured creditor, and as such, warrants no adequate protection. *See, In re Garland Corp.,* 6 B.R. 456 (Bankr.App.D.Mass. 1980). Furthermore, the IRS has failed to establish that it has any specific interest in the bank accounts which should be afforded adequate protection.

## ORDER

In accordance with the reasoning above, it is the Order of the Court that the Motion of United States of America for Adequate Protection be, and the same hereby is, DENIED. It is further Ordered that Defendant Trust Company of Georgia release the remaining funds from the subject bank accounts to the Plaintiff-Debtor.

IT IS SO ORDERED.

---

**5.** An example where adequate protection has been given to an entity which did not hold a secured claim is in the situation of a landlord renting property to a Debtor. *See, e.g., In re Allen Carpet Shops, Inc.,* 25 B.R. 595 (Bankr.E.D.N.Y.1982).