841 F.2d 97
 61 A.F.T.R.2d 88-1341, 88-1 USTC P 13,756
 UNITED STATES of America, Plaintiff-Appellant,
v.
Bertram L. POTEMKEN, individually: personal representative
of the Estate of Armstead S. Wayson; and Trustee of the
Armstead and Margaret Wayson Trust; Kenneth A. Wayson,
individually and as Trustee of the Armstead and Margaret
Wayson Trust; David S. Wayson, individually and as Trustee
of the Armstead and Margaret Wayson Trust; Ann Kwiatowski;
Larue Wayson Dillon, formerly Larue Wayson Riva; First
National Bank of Southern Maryland; Sharon Saving & Loan
Association; Baltimore Federal Savings & Loan Association,
Defendants- Appellees,
3809 Crain Limited Partnership, Party in Interest-Appellee,
and
RIP'S, Inc.; RIP'S Motel, Inc.; Stanley S. Kwiatowski, Defendants.
 No. 87-1616.
 United States Court of Appeals,
Fourth Circuit.
 Argued Jan. 5, 1988.
Decided March 8, 1988.
 
 Raymond W. Hepper, Tax Div., Dept. of Justice (Michael C. Durney, Acting Asst. Atty. Gen., William S. Rose, Asst. Atty. Gen., Michael L. Paup, William S. Estabrook, Gary R. Allen, Tax Div., Dept. of Justice, Breckinridge L. Willcox, U.S. Atty., on brief), Washington, D.C., for plaintiff-appellant.
 James T. Heidelbach (Lawrence J. Gebhardt, Gebhardt & Smith, Baltimore, Md., on brief), Frederick R. Franke, Jr., Franklin Caudill (David F. Albright, Meredyth A. Smith, Semmes, Bowen & Semmes, John Wheeler Glenn, O'Connor, Preston, Glenn & Smith, P.A., Baltimore, Md., Wayne T. Kosmerl, Council, Baradel, Kosmerl & Nolan, Annapolis, Md., on brief), for defendants-appellees.
 Before PHILLIPS and WILKINS, Circuit Judges, and YOUNG, United States District Judge for the District of Maryland, sitting by designation.
 JAMES DICKSON PHILLIPS, Circuit Judge:
 
 
 1
 The United States appeals from the district court's dismissal, on March 4, 1987, of its suit to foreclose federal tax liens imposed upon certain properties includable in the gross estate of Armstead Wayson who died on August 23, 1974. The district court held that the special federal estate tax lien provided for in Sec. 6324(a)(1) of the Internal Revenue Code of 1954, 26 U.S.C. Sec. 6324(a)(1), has an absolute duration of ten years from the decedent's death, which period is not tolled by the government's filing of this foreclosure action. Because the lien had expired and because the district court held that the government's complaint could not be characterized as pleading a general tax lien claim under 26 U.S.C. Sec. 6321, the court then granted summary judgment for intervenor 3809 Crain Limited Partnership (3809 Crain) and all who either joined in 3809 Crain's motion or asserted like motions. In granting 3809 Crain's motion, the court held that the government's cross-motion for summary judgment had not established the government's compliance with the legal prerequisites to execution of a valid levy and seizure in order to abrogate the ten-year period of the lien.
 
 
 2
 We agree with the district court that the Sec. 6324(a)(1) special estate tax lien is of an absolute ten-year duration and that the government failed, on the summary judgment record, to show abrogation of the ten-year period by execution of a valid levy and seizure. However, we find that the government's complaint was sufficient to give the defendants notice of a claim to foreclose on the Sec. 6321 liens. We therefore reverse the judgment of the district court in this regard and remand for proceedings consistent with this opinion.
 
 
 3
 * After Wayson's death on August 23, 1974, defendant Potemken, as personal representative of Wayson's estate, timely filed the federal estate tax return. Among the items included in the decedent's gross estate were two parcels of real property, one located in Anne Arundel County, Maryland, and one in Prince George's County, Maryland. On February 25, 1976, the government assessed the estate's tax liability at $323,468.11 and made a demand for payment. The time for payment plus interest was ultimately extended to July 31, 1979. On November 22, 1977 and August 7, 1978, the government assessed deficiencies against the estate in the amounts of $150,897.06 and $27,582.15, respectively. No extension of time for payment was requested or given as to these assessed deficiencies. On July 7 and December 27, 1980, the government filed notices in the appropriate counties of its Sec. 6321 general tax liens against the Anne Arundel and Prince George's properties.
 
 
 4
 Finally, on September 15, 1982, the government instituted the present action to foreclose upon its tax liens on the Anne Arundel and Prince George's properties. All entities or individuals claiming interests in either of the two properties were named as defendants, and subsequent foreclosure upon the Prince George's property necessitated the intervention in this proceeding of 3809 Crain as the foreclosure purchaser. Procedural delays over the two years following the commencement of this action, some within and some without the government's control and none of them pertinent to this appeal, resulted in the government's failure to foreclose upon the liens by August 23, 1984, ten years from the date of Wayson's death.
 
 
 5
 On January 16, 1987, intervening defendant 3809 Crain filed a motion for summary judgment in which it was joined by defendants First National Bank of Southern Maryland, Sharon Savings & Loan Association, Ann Kwiatowski, and Larue Paez. As grounds for its motion, 3809 Crain argued that the Sec. 6324(a)(1) special estate tax lien against the Prince George's and Anne Arundel properties was a lien of ten years absolute duration which period had expired on August 24, 1984, and therefore the government's foreclosure action must be dismissed. The government argued in response that the ten-year period of the lien was tolled by the institution of this action to foreclose upon the lien. Alternatively, the government contended that dismissal of this action was inappropriate because its complaint also sought to foreclose on the Sec. 6321 general tax liens which were not subject to any durational provision. Finally, in its cross-motion for summary judgment, the government alleged that the ten-year period was irrelevant because the government had effected a valid seizure by levy on May 29, 1981 by serving "Notices of Seizure" of the Prince George's County property upon Bertram Potemken.
 
 
 6
 The district court granted 3809 Crain's motion for summary judgment and denied the government's cross-motion for summary judgment, dismissing the government's suit against 3809 Crain and all parties who either joined in 3809 Crain's motion or individually asserted like motions. On appeal, the government alleges error in all aspects of the district court's dismissal of its suit. We affirm the district court's dismissal of the government's cross-motion for summary judgment on the basis of a validly executed levy and seizure and affirm in part but reverse in part the grant of summary judgment for appellees.
 
 II
 
 7
 "The starting point in every case involving the construction of a statute is the language itself." Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 756, 95 S.Ct. 1917, 1935, 44 L.Ed.2d 539 (1975) (Powell, J., concurring). Section 6324(a)(1) of the Internal Revenue Code of 1954, as amended, 26 U.S.C. Sec. 6324(a)(1), provides:
 
 
 8
 SEC. 6324. SPECIAL LIENS FOR ESTATE AND GIFT TAXES
 
 
 9
 (a) [as amended by Sec. 102, Federal Tax Lien Act of 1966, supra.] Liens for Estate Tax.--Except as otherwise provided in subsection (c)--
 
 
 10
 (1) Upon gross estate.--Unless the estate tax imposed by chapter 11 is sooner paid in full, or becomes unenforceable by reason of lapse of time, it shall be a lien upon the gross estate of the decedent for 10 years from the date of death, except that such part of the gross estate as is used for the payment of charges against the estate and expenses of its administration, allowed by any court having jurisdiction thereof, shall be divested of such lien.
 
 
 11
 The language of the statute on its face is plain, it admits of no ambiguity. The lien is to have an absolute duration of ten years. The government would have us read the clause "or becomes unenforceable by reason of lapse of time" as providing that the ten-year durational limit is tolled by the filing of an action to foreclose on the Sec. 6324 lien. This interpretation is clearly at odds with the plain meaning of Sec. 6324 and, therefore, "before [we] properly could consider taking such liberty with statutory language there should be, at least, unmistakable support in the history and structure of the legislation." 421 U.S. at 756 (Powell, J., concurring); see Ernst & Ernst v. Hochfelder, 425 U.S. 185, 211, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1975).
 
 
 12
 Although there is little legislative history to Sec. 6324, see United States v. Cleavenger, 517 F.2d 230, 233 (7th Cir.1975), what little there is militates against the government's proposed construction of the clause "or becomes unenforceable by reason of lapse of time." The clause was added to Sec. 6324 by Sec. 102 of the Federal Tax Lien Act of 1966, Pub.L. No. 89-719, 80 Stat. 1125. See id. The House report to the 1966 amendment states that the amendment's purpose was to make "it clear that these [Sec. 6324] special liens are to terminate before the expiration of the 10 years at any time the estate ... tax liability becomes unenforceable by reason of the running of the statute of limitations on collection (usually a 6-year period after assessment)." H.R.Rep. No. 1884, 89th Cong., 2d Sess. at 13 (1966-2 Cum.Bull. 815, 823); U.S. Code Cong. & Ad. News 1966, pp. 3722, 3735. The clear import of the legislative history is that the addition of the clause "or becomes unenforceable by reason of lapse of time" "would operate only to shorten the duration of the special lien, not to lengthen it." United States v. Saleh, 514 F.Supp. 8, 11 (D.N.J.1980).
 
 
 13
 Nevertheless, the government contends that the clear reference in the legislative history to the limitations provisions in Secs. 6501-02 of the Internal Revenue Code indicates that the ten-year provision in Sec. 6324(a)(1) is to be tolled upon the filing of the foreclosure action. The language of Secs. 6501-02 provides no support for the government's contention. Section 6501(a) provides, in pertinent part, that the government's assessment of any amount of tax due must be made within three years of the filing of the relevant tax return. See 26 U.S.C. Sec. 6501(a). Section 6502(a), then provides for collection of the tax by a levy made or a court proceeding begun within six years of assessment or other agreed upon period for collection. See 26 U.S.C. Sec. 6502(a). Clearly, if a court proceeding for foreclosure upon a lien is instituted within the periods provided for in Secs. 6501-02, then the lien will not become "unenforceable by reason of lapse of time" under those provisions. There is no basis for concluding, however, that the initiation of the foreclosure proceeding also avoids the clear ten-year durational language in Sec. 6324. The filing of the foreclosure action merely operates to ensure that the ten-year duration of the lien will not be shortened so long as the foreclosure proceeding is begun within the periods described in Secs. 6501-02.
 
 
 14
 The fact that the Sec. 6321 general tax lien can be foreclosed for an indefinite time period merely by timely filing of the foreclosure action has no bearing on the present case despite the government's assertions to the contrary. The lien created by Sec. 6321 is a wholly distinct lien from that created by Sec. 6324. The language of Sec. 6321, unlike that of Sec. 6324, is absolutely without reference to duration and Sec. 6322, which relates only to Sec. 6321, merely provides that the Sec. 6321 lien's duration extends until the tax is collected "or becomes unenforceable by reason of lapse of time."[1] See 26 U.S.C. Secs. 6321-22. The existence of similar limiting clauses in Sec. 6324 and Sec. 6322 does not serve to equate the treatment of Sec. 6324 and Sec. 6321 liens in reference to the Secs. 6501-02 limitations provisions where Sec. 6324 contains clear language of absolute duration and Sec. 6321 does not.
 
 
 15
 The clear and unambiguous language of 26 U.S.C. Sec. 6324 indicates Congressional intent to create a special estate tax lien of ten years absolute duration. See Cleavenger, 517 F.2d at 234. "When we find the terms of a statute unambiguous, judicial inquiry is complete, except 'in "rare and exceptional circumstances." ' " Rubin v. United States, 449 U.S. 424, 430, 101 S.Ct. 698, 701-02, 66 L.Ed.2d 633 (1980) (quoting TVA v. Hill, 437 U.S. 153, 187, n. 33, 98 S.Ct. 2279, 2298, 57 L.Ed.2d 117 (1978)). Such circumstances do not exist where, as here, the plain meaning of the statute is consistent with its legislative history and purpose. See id. We have already observed that the legislative history supports the interpretation of the Sec. 6324 lien as having an absolute ten-year duration. Likewise, reading the Sec. 6324 lien as it is written does not defeat its purpose. The lien is essentially a "backup freezing provision to facilitate the collection of estate and gift taxes." 517 F.2d at 234. It arises in the government's favor immediately upon the decedent's death, attaching to all the property includable in the gross estate without prior notice or filing. Id. at 232, 234. In this sense it is an extreme measure that, without the ten-year durational limit, would provide future property holders "no assurance whatsoever from the passage of time." Id. at 234. Conversely, the government concedes in its brief that it is the rare case where foreclosure upon the lien cannot be completed within the ten-year period. See Brief of Appellant at 30. Moreover, even after expiration of the Sec. 6324 ten-year period, the government has available to it, assuming compliance with the proper procedures, the general assessment lien under Sec. 6321.
 
 
 16
 The government has not shown that this is the "rare and exceptional circumstance" where a statute, unambiguous on its face and in light of the available legislative history, should be interpreted contrary to its plain meaning. We therefore hold, in accord with the Seventh Circuit in Cleavenger, that the special estate tax lien created in 26 U.S.C. Sec. 6324(a)(1) has an absolute duration of ten years that is not tolled by the filing of an action to foreclose upon the lien.
 
 
 17
 We likewise affirm the district court's holding that the government's cross-motion for summary judgment alleging abrogation of the ten-year lien period through the alleged execution of a levy and seizure failed to establish the government's compliance with the minimum requirements for valid execution of such levy under 26 U.S.C. Sec. 6331. As the district court noted, Sec. 6331(d) provides that the government can make a levy upon a person's property subject to a tax lien "only after the Secretary has notified such person in writing of his intention to make such a levy," see 26 U.S.C. Sec. 6331(d)(1), and such notice must be served on the person upon whose property levy is intended, "no less than 10 days before the day of the levy." See 26 U.S.C. Sec. 6331(d)(2). Notice of the seizure after it is complete must also be given. Id. Strict compliance with this procedure is "necessary to effect a valid levy and seizure." See Matter of Computer Management, Inc., 40 B.R. 201, 203 (N.D.Ga.1984).
 
 
 18
 On the summary judgment record before it the district court found no evidence that the notice of intent to levy was served upon the defendants. On appeal the government concedes that such notice was not given but contends that the record clearly established that notice of assessment of taxes and demand for payment under 26 U.S.C. Sec. 6303 was given and that this was enough to satisfy the Sec. 6331 levy requirements. Not only does this interpretation of Sec. 6331 flatly contradict the language of Sec. 6331(d), it is at odds with the purpose for requiring notice of intent to levy. Such notice gives the taxpayer a last chance to avoid the drastic consequences of seizure by payment of the tax liability. Assuming for the purposes of this appeal that the execution of a valid levy abrogates the ten-year period of the Sec. 6324 lien, we affirm the finding of the district court that the government failed to show the existence of a valid levy and seizure and therefore failed to establish the abrogation of the ten-year durational limit on the Sec. 6324(a)(1) lien. No genuine issue as to the continued existence of the Sec. 6324(a)(1) lien having been raised, summary judgment for the defendants was properly entered in this regard.[2]
 
 
 19
 Nevertheless, we reverse the district court's grant of summary judgment for defendants because we find that the government's complaint, although less than artfully worded, provided adequate notice to the defendants of the government's intent thereby to foreclose upon its general tax liens under Sec. 6321. Although the complaint does not refer specifically to Sec. 6321 as it does to Sec. 6324, it is characterized as a "Complaint to Foreclose Tax Liens." Further, the complaint alleges assessments of the tax liability and attached thereto is a schedule of the amounts of each assessment and the dates upon which notice and demand were made. Assessment and demand being prerequisites to the creation of the Sec. 6321 lien but not the Sec. 6324 lien, these allegations provided further notice of the government's intent to foreclose upon its inferior Sec. 6321 liens in the event it should be held to have failed timely to foreclose on its Sec. 6324 liens. Finally, the record at the time of summary judgment revealed, and the parties do not deny, that notice of the Sec. 6321 lien was filed in the appropriate counties in December of 1980. Because the complaint sets forth the assessment and demand prerequisites for the Sec. 6321 lien and indicates the government's intent to foreclose upon its tax liens, and where the parties admit knowledge of the existence of the liens so that they might be expected to assume attempted foreclosure thereupon, the interests of justice are best served by liberally construing the government's complaint to state a claim for foreclosure upon its Sec. 6321 general tax lien. See Wolman v. Tose, 467 F.2d 29, 33 n. 5 (4th Cir.1972); 5 C. Wright & A. Miller, Federal Practice and Procedure Secs. 1215-16 (1969 and Supp. 1987).
 
 
 20
 For the reasons stated in this opinion, the judgment of the district court dismissing the government's foreclosure action is affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.
 
 
 21
 AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
 
 
 
 [1]
 Sections 6321 and 6322 provide:
 Sec. 6321. Lien for taxes.
 If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.
 Sec. 6322. Period of lien.
 Unless another date is specifically fixed by law, the lien imposed by section 6321 shall arise at the time the assessment is made and shall continue until the liability for the amount so assessed (or a judgment against the taxpayer arising out of such liability) is satisfied or becomes unenforceable by reason of lapse of time. Aug. 16, 1954, c. 736, 68A Stat. 779; Nov. 2, 1966, Pub.L. 89-719, Title I, Sec. 113(a), 80 Stat. 1146.
 
 
 [2]
 The government's assertion that the defendants were without standing to contest the validity of the levy procedures, even if valid, has no bearing on the issue of the continued existence of the Sec. 6324(a)(1) lien. If the lien can only be found to have survived the ten-year durational limit by execution of a valid levy and seizure on the properties subject to the lien, the district court properly concluded that it could not find the lien period abrogated absent the existence of a valid levy